## N. J. DULANEY v. NOLAN COUNTY.

### No. 7502.

**1. Damages by Public Road.** — The damages caused by laying out a public road belong to the owners of the land over which it passes. A subsequent lessee of the land enclosing it between the order establishing and the order opening it up, can not recover damages for injury to his enclosure, or for improvements rendered necessary to the use of the land, and occasioned by the opening up of the road. See example.

**2. Damages for Land Taken for Public Road.** — The owner is entitled to the value of land taken for a public road, regardless of its effect upon the value of the land not so taken. It is error to set off against such value an estimate of increased value from the road to the land not taken.

**3. Damages from Public Road Set off.**—Damages occasioned by opening a public road, other than the value of the land taken, may be set off against increased value caused to the remaining tract. For example, the cost of running a fence may be so offset.

ERROR from Nolan. Tried below before Hon. WILLIAM KENNEDY.

*Cowan & Fisher*, for plaintiff in error. — 1. The court erred in its conclusions of law, that plaintiff in error was not entitled to recover damages in the sum of $195, cost of erecting two miles of fence on the west side of said road.

2. When a public road is opened across one's land, and by reason thereof the owner is compelled to erect a fence along the side of such road in order to utilize his lands, he is entitled to have the cost of such fence taken into consideration in estimating the damages and benefits accruing by reason of opening such road.

*H. C. Hord*, for defendant in error. — 1. Plaintiff in error was not entitled to damages to the pasture by reason of said road. He was a naked trespasser as to more than half of the land in said enclosure, and the enclosing of said land by Dulaney was unlawful, being an obstruction (as to him) of a legally established first class road. Railway v. Johnson, 65 Texas, 389; Rev. Stats., art. 4362.

2. Plaintiff in error was not entitled to damages for the erection and removal of the half-mile of fence of the east line of north half-section 26, same being damages claimed to the pasture.

GAINES, ASSOCIATE JUSTICE.—The plaintiff in error brought this suit against Nolan County to recover compensation for and damages to his lands, caused by opening a public road across them. The court below adjudged that he take nothing by his suit; and this writ of error is sued out to revise that judgment.

The trial judge, before whom the case was tried without a jury, filed his conclusions of fact and law. The assignments of error complain only of the conclusions of law. The following diagram, taken from the court's conclusions, shows the situation of the road over the lands in question:

The squares on the map represent surveys of 640 acres each, known as sections. The court found, in substance, that in May, 1886, the Commissioners Court of Nolan County made an order laying off and establishing the Sweetwater and Roby road, running " to the east line of section number 38, continuing north with the east line of surveys numbers 35, 26, and 23 to the Fisher County line." The dotted line on the map represents this road. In February, 1888, the court appointed a jury of review, who made a report, which the court approved in May of that year. That report established the road on the section lines between 35 and 36, and between 25 and 26, along the road as already laid out, except when it left the section lines. The plaintiff was the purchaser from the State of section 36 and of the north half and the southeast quarter of section 30. The plaintiff also holds the north half of section 26 under a conveyance from one Patterson, who purchased from the State. The south half of that section belongs to one Long, who gave the plaintiff verbal permission to enclose it with other lands. Sections 25 and 31 belong to the Franco-Texan Land Company, whose local agent gave plaintiff license to enclose them. The court finds he exceeded his authority in doing so. Section 35 is owned by the same company. They leased it to plaintiff in October,

1889, "for one year, with privilege of three or more years." One hundred and sixty acres in section 38 belonged to one Caven, and it does not appear that plaintiff had any authority to enclose it.

In the spring of 1887, the plaintiff enclosed for a pasture all the sections above named except 38, of which his fence included only the 160 acres belonging to Caven. The heavy lines on the map represent the enclosure. The only permanent water in the pasture so enclosed was on sections 25, 30, and 31. In order therefore to continue the use of the pasture, it was necessary that the plaintiff should construct, and he did construct, two miles of fence along the west side of the road on sections 35 and 26. This fence was worth $195. It was also necessary to construct a water tank, worth $350.

The plaintiff also had an enclosed farm on the western part of section 36, the west line of the fence being coincident with the west line of that section. The establishment of the road upon the section line made it necessary to remove this fence eastward, at a cost of $30. The road appropriated 3.63 acres of section 36, which the court found to be of the value of $43.56, and 1.81 acres of section 26, worth $9.07. The court also found that the road enhanced the value of plaintiff's lands $100.

The court concluded, as a matter of law, that the plaintiff was entitled to no compensation either for the cost of erecting the fence on the west side of the road or for the construction of the water tank; and that since the increase of the value of his land by the establishment of the road exceeded the value of the land taken and the cost of removing his farm fence on section 36, he should recover nothing.

We think the court did not err in failing to give plaintiff judgment for damages claimed to have resulted to him by reason of the necessity under which he was placed of constructing the fence on the west side of the road and the water tank. The court having found that the road was established before he acquired even a license to use the land on that side of the road, and before he enclosed his pasture, it is clear to us that the necessity of making these improvements should not be considered in estimating his damages. Whatever damage was done to the lands on the west side of the road belonged to those who owned them at the time the road was laid out. Since the plaintiff has acquiesced in the establishment of the highway, and has confirmed the taking of the land by a suit for compensation and damages, we think it was proper to assess the damages as of the date of the original taking.

We think, however, that the court erred in setting off the value of the land belonging to the plaintiff which was actually taken with the benefits which have accrued to the remainder of his lands. The compensation, which is secured by the Constitution, for land taken for a public use must be paid in money, whether the remainder of the tract be enhanced in value by reason of the public use or not. Railway v. Ferris, 26 Texas,

588. As to the damages to the land which is not taken, the rule is dif-different. Id. It can not be said that the land not taken has been damaged, when in view of all the detriment and benefits which have resulted from the use to which a part has been appropriated, its value has not been diminished. The court correctly allowed the damages resulting to the defendant's land from the necessity of his having to remove his fence, to be set off by the enhanced value of the tract resulting from the establishment of the road; but erred in failing to give plaintiff a judgment for the value of the land taken. This error is not assigned, but we think it an error of a fundamental character, and that it is apparent upon the face of the record.

It appears from the court's findings that the State still holds the legal title to the land taken, and that there was at the date of the trial a large part of the purchase money still due it upon sections 26 and 36. The extent of the plaintiff's recovery under these circumstances is a question which is not discussed in the briefs of the counsel. Therefore we will not discuss it here.

The judgment of the court below is reversed, and to the end that the extent of the plaintiff's recovery for the land taken may be inquired into, the cause is remanded for a new trial.

*Reversed and remanded.*

Delivered June 10, 1892.