MATAGORDA COUNTY DRAINAGE DIST. NO. 5 v. BORDEN et al.    (No. 7177.)

(Court of Civil Appeals of Texas.    Galveston. Dec. 30, 1915.)

1. DRAINS ⬥⇒40 — DRAINAGE DISTRICTS — TAKING OF PRIVATE PROPERTY.

As private property cannot be taken or damaged without adequate compensation to the owner, the construction of a drain which would overflow private property will be enjoined, where there is no provision for compensation to the owner and the drainage district has no funds to make compensation.

[Ed. Note.—For other cases, see Drains, Cent. Dig. § 59; Dec. Dig. ⬥⇒40.]

2. EMINENT DOMAIN ⬥⇒69 — ESTABLISHMENT OF DRAINS — ORDER OF COMMISSIONS COURT.

While drainage laws give the commissions court jurisdiction over the establishment of drainage districts, such courts do not have jurisdiction in adopting the specifications for a drain to authorize the taking of private property without due compensation.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 171–179; Dec. Dig. ⬥⇒ 69.]

3. COURTS ⬥⇒472—INJUNCTION — JURISDICTION OF DISTRICT COURT.

Where the plan adopted for the construction of a drainage system necessitated the overflow of private property, and the drainage district had made and could make no compensation, the district court, notwithstanding the exclusive jurisdiction of the commissions court over the organization of drainage districts, has jurisdiction to issue an injunction restraining construction of the drain.

[Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 442, 451, 459, 465, 619, 1199–1202, 1204–1224, 1247–1259; Dec. Dig. ⬥⇒472.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Suit by A. P. Borden against Matagorda County Drainage District No. 5. From a judgment for plaintiff, defendant appeals. Affirmed.

PLEASANTS, C. J. This is a suit for injunction brought by appellees against the appellants. Upon a hearing by the district judge, in chambers, a temporary injunction was granted. This appeal is prosecuted from the order granting the temporary injunction.

The appellees sue as legal owners of a large body of pasture land, 4,962 acres of which are within Matagorda Drainage District No. 5, and 7,057 acres adjoining said drainage district. The suit is against the drainage district and its trustees or commissioners and a firm of contractors who had entered into a contract with said commissioners to construct certain ditches in said district for the purpose of draining it. The injunction was sought for the purpose of restraining the construction of said ditches, upon the ground that if they were constructed in accordance with the plans and specifications prepared by the engineer of the drainage district, and which defendants were about to carry out, plaintiffs' land within and without said district would be greatly damaged by the overflow of water drained from said district and cast upon plaintiff's land by the contemplated ditches. The damage that it is claimed will accrue to plaintiff's land by the construction of the ditches is alleged to be $50,000. It is further alleged that the defendant drainage district has no funds on hand and none which are available out of which to compensate plaintiffs for the damages that it will cause them by the construction of said ditches, and that the district cannot raise the money by taxation to pay such damages, because it has already levied the full amount of taxes which it is authorized to levy by the Constitution and laws

---

⬥⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

of this state, and the taxes so levied are already set apart for the redemption of the bonds issued to provide the necessary funds to pay for the construction of the drainage ditches and the survey and preparation of plans for the drainage system for said district; all of the proceeds of the sale of said bonds being required for said purposes. The petition prays that defendants be enjoined from the construction of said ditches until plaintiffs have been adequately compensated for the injury and damages that will be caused plaintiffs' property by their construction.

The defendants' answer contains numerous exceptions, which it is unnecessary to set out or discuss in this opinion. The answer, which was sworn to, also denied that plaintiffs' property would be damaged by the construction of the ditches, as alleged in the petition. The hearing was upon the sworn petition and answer, together with map and plats showing the location of plaintiffs' land and of the proposed ditches, and the testimony of the engineer who drew the drainage plans for the district.

We think the evidence before the trial judge was sufficient to justify the conclusion that the construction by the defendants of the drainage ditches complained of in the petition would damage plaintiffs' property as alleged.

[1] Under the Constitution of this state, private property cannot be taken or damaged for public purposes without adequate compensation to the owner. The compensation must be made or provided for before the property is taken or damaged. Travis County v. Trodgon, 88 Tex. 302, 31 S. W. 358; Dulaney v. Nolan County, 85 Tex. 225, 20 S. W. 70; City of San Antonio v. Grandjean, 91 Tex. 430, 41 S. W. 477, 44 S. W. 476.

If the allegations of plaintiffs' petition are true (and, as we have before said, the trial judge was justified from the evidence before him in holding that they were true), the defendants would, by the construction of the ditches in accordance with the proposed plans for the drainage district, greatly damage plaintiffs' property.

[2, 3] No compensation has been made or offered plaintiffs for such damage, and the defendant drainage district has no funds or property out of which plaintiffs can obtain compensation for any damage that may be caused them. In these circumstances, the construction of the proposed ditches cannot be permitted without violating the constitutional provision before mentioned. The question of compensation for the taking or damage to property by the construction of a drainage system is not one left for the determination of the commissions court by the drainage laws of this state, and, if that court had been given jurisdiction of such question, it does not appear that it has assumed in this case the adjudication of plaintiffs' rights to compensation for damages to their land. That court is given conclusive jurisdiction of all matters pertaining to the organization of drainage districts which includes the adoption of the drainage plans submitted by the engineer, but it does not follow, from their grant of jurisdiction, that in carrying out the adopted drainage plans private property can be taken or damaged without adequate compensation to the owner. The cases of Parker v. Harris County Drainage District No. 2, 148 S. W. 357, and Wharton County Drainage District No. 1 v. Higbee, 149 S. W. 381, do not sustain the contention of appellees that the district court was without jurisdiction to hear and determine the question presented by this appeal. We are of the opinion that the order of the district judge granting the temporary injunction should be sustained.

Affirmed.