MATAGORDA COUNTY DRAINAGE DIST. NO. 5 et al. v. ROBBINS. (No. 7178.)

(Court of Civil Appeals of Texas. · Galveston. Dec. 30, 1915.)

DRAINS ⬦40—RIGHT TO INJUNCTION—DAMAGES.

Where the construction of a drainage ditch would destroy a dam on plaintiff's property, greatly to his injury, and the drainage district had not and was unable to make compensation for the injury, the work will be enjoined.

[Ed. Note.—For other cases, see Drains, Cent. Dig. § 59; Dec. Dig. ⬦40.]

Appeal from District Court, Matagorda County; Samuel J. Styles, Judge.

Action by Fred McC. Robbins against Matagorda County Drainage District No. 5 and others. From a judgment for plaintiff, defendants appeal. Affirmed.

J. W. Conger, of Bay City, for appellants. Gaines & Corbett, of Bay City, for appellee.

PLEASANTS, C. J. This appeal is from an order of the judge of the district court of Matagorda county, made in chambers, granting a temporary injunction in a suit brought by appellee against appellants. Appellee, who is the owner of a body of pasture land adjoining the appellants' drainage district, brought this suit against said district and its trustees or commissioners and a firm of contractors to enjoin the construction, by defendants, of certain drainage ditches, which defendants were about to construct in said district. The injunction was sought upon the ground that the construction of said ditches would overflow plaintiff's land and destroy a dam which plaintiff had erected on his premises for the purpose of holding back surface water for his cattle to drink, and by such overflow of his pasture land and destruction of his dam would greatly injure plaintiff's property. Damages are sought in the sum of $12,000. It is alleged that defendants have not compensated, nor offered

to compensate, plaintiff for the damages to his land; that the defendant drainage district has no funds on hand and none which are available out of which to compensate plaintiff for the damages that it will cause him by the construction of said ditches; and that the district cannot raise money by taxation to pay such damages, because it has already levied the full amount of taxes which it is authorized to levy by the Constitution and laws of this state, and the taxes so levied are already set apart for the redemption of the bonds issued to provide the necessary funds to pay for the construction of the drainage ditches and the survey and preparation of plans for the drainage system for said district; all of the proceeds of the sale of said bonds being required for said purposes. The petition prays that defendants be enjoined from the construction of said ditches until plaintiff has been adequately compensated for the injury and damages that will be caused plaintiff's property by their construction.

The evidence upon the hearing was sufficient to sustain a finding that the material allegations of the petition are true. Upon this state of the evidence, we think the trial judge properly granted the temporary injunction, and his order granting said injunction should therefore be affirmed.

This is a companion case to that of Matagorda County Drainage District v. Borden, 181 S. W. 780, this day decided by us, and we refer to our opinion in that case for a fuller statement of our views of the law applicable to the questions presented by this appeal.

Affirmed.