### EASTER OIL CORPORATION v. WILBARGER COUNTY et al.

#### No. 3455.

Court of Civil Appeals of Texas. Amarillo.

May 14, 1930.

Rehearing Denied June 18, 1930.

O. O. Franklin, of Vernon, and Thompson & Barwise, of Fort Worth, for appellant.

Berry, Warlick & Gossett, of Vernon, for appellees.

JACKSON, J.

The appellant, Easter Oil Corporation, on April 21, 1930, instituted this suit in the district court of Wilbarger county, Tex., against the appellees, Wilbarger county, the county judge, and the county commissioners of said county, to have them enjoined from going upon its premises and constructing a roadway or doing any work on its said premises necessary to the construction of a public road thereon.

The district judge, on said date, granted a temporary restraining order and set the case for a hearing on May 2, 1930, to determine whether such restraining order would be continued until the case was disposed of on its merits.

On May 2d, the appellant filed its amended petition alleging, in substance, that, under and by virtue of a valid mineral lease and assignment, it is the owner of the oil and gas on and under certain fully described land; that it is in actual physical possession of said land, has a producing wall thereon, and is drilling or preparing to drill wells on said land for oil and gas; that the appellees, acting under certain pretended condemnation proceedings, which are illegal and void, have made a survey across appellant's land for said public road and are now threatening to go upon said land for the purpose of excavating, filling, building bridges, cutting timber, and doing everything incident to and necessary for the opening and construction of said road across its premises; that the entry upon said land and the construction of said road by appellees across appellant's land will interfere with the location of wells and the operation thereof and cause appellant great damages and irreparable injury, and that it has no adequate remedy at law for its protection.

The condemnation proceedings alleged to have been had are assailed by appellant as illegal and void because, first, no effort was made by appellees to agree with appellant on the amount of compensation it should receive for the land taken or for the amount of damages it would suffer; second, the appellant was not given notice by the jury of view of the time when they would proceed to lay out said road, hear the claim of appellant, if any, and assess the damages incident to the opening of the road across its land;

third, no compensation was allowed appellant for the appropriation of its land for the purposes of said road and no damages were allowed therefor.

The appellees answered by general and special exceptions, denied that they had failed to comply with the statutes for the condemning of land for public road purposes, and alleged that the appellant was, after the suit was filed, given the notice by the jury of view required by law, that such jury of view would meet on appellant's land, lay out the road and assess damages therefor, but that appellant failed to appear and present any claim for compensation or damages; that no compensation or damages were allowed by the jury of view, their action was reported to and approved by the commissioners' court and the road ordered opened in compliance with said report.

The appellant filed a supplemental petition to appellees' answer, containing general and special exceptions and a general denial, and pleadings of all parties were duly verified.

The appellant attached to and made a part of its petition copies of the action of the commissioners' court in its condemnation proceedings and copies of the instrument under which it asserted title. The appellees also attached to their answer copies of several instruments relied upon as a defense, but we deem it unnecessary to state the contents of any of these instruments in this opinion.

The court acted on the proceedings and the exhibits attached thereto without hearing any evidence, and denied appellant the relief sought.

█ Under this record, the appellant must be considered and treated as a landowner. Atkins et ux. v. Davis et al. (Tex. Civ. App.) 291 S. W. 968.

█ The record is conclusive that no effort was made by the appellees to reach an agreement with the appellant as to the compensation or damages that it was entitled to and no attempt was made to show that such an agreement could not have been reached by a bona fide effort to do so. Under these facts, the commissioners' court was without jurisdiction to condemn the appellant's land, and the trial court erred in refusing to restrain the appellees from building a public road across appellant's land until such requirement had been complied with. Clements v. Fort Worth & D. S. P. Ry. Co. (Tex. Civ. App.) 7 S.W.(2d) 895; Watt v. Studer et al. (Tex. Civ. App.) 22 S.W.(2d) 709; W. T. Waggoner Estate v. Townsend (Tex. Civ. App.) 24 S.W.(2d) 83.

It is conceded that appellees paid nothing to appellant for its land, made no deposit out of which it should be paid; in, fact it is admitted that no compensation or damages were allowed by the jury of view or the commissioners' court to appellant for the appropriation of its land for road purposes.

█ In failing to allow the appellant adequate compensation for the land taken, the appellees failed to comply with the Constitution and law, and had no authority to order the opening of the road, and should have been restrained until adequate compensation was allowed and paid to appellant or deposited for it as required by law (Rev. St. 1925, art. 6710). Travis County et al. v. Trogdon et al., 88 Tex. 302, 31 S. W. 358.

█ Appellant's contention that the action of the appellees, taken after application for an injunction had been made and granted was void, is not tenable.

"After this suit was instituted, and a writ of injunction issued, it is alleged that the county commissioners' court took such steps as were necessary for the condemnation of road-way, of which plaintiff was duly notified, and under those proceedings established the line of road, and made a special deposit of money with the county treasurer, subject to plaintiff's order, to satisfy the damages awarded to it; but the court sustained a demurrer to so much of the answer, and on hearing perpetuated the injunction. * * * For want of proper notice to the owner of the land, the county acquired no right under the first proceedings had to open the road, even had the deposit of money been made for the owner of the property, as the statute requires. It follows from this that grounds for injunction existed before this suit was brought, and, if the proceedings during its pendency did not operate a lawful condemnation, the judgment of the court below should be affirmed. The fact that an ineffectual effort had been made, before the suit was brought, to condemn the land over which the road would pass to public use, would not deprive the county of the power to institute proceedings pending the litigation, and to conduct them to a final termination, and thus acquire the right to use the land for the purpose contemplated." Evans et al. v. Santana Live-Stock & Land Company, 81 Tex. 622, 17 S. W. 232; Ross v. Veltmann (Tex. Civ. App.) 161 S. W. 1073.

The appellees made certain allegations in an effort to show that, even if they failed to comply with the law, it would be inequitable to restrain them from proceeding with the opening of the road. These allegations, if they constituted a defense, presented issues of fact upon which evidence should have been submitted.

For the errors discussed, the judgment of the trial court is reversed, with instructions to grant appellant a temporary restraining order until the case can be heard on its merits and until the appellees comply with the pro-

visions of the statute (Rev. St. 1925, art. 6702 et seq.) for the condemnation by the county of land for road purposes.

HALL, C. J., not sitting.