**VOGEL et al. v. KELLY et al.**

No. 8942.

Court of Civil Appeals of Texas. San Antonio.

May 18, 1932.

Rehearing Denied June 8, 1932.

O. M. Fitzhugh, of San Antonio, for appellants.

K. K. Woodley, of Sabinal, and J. E. Friestman, of Leakey, for appellees.

FLY, C. J.

This is an appeal from an order of the district judge, in whose district Real county is situated, dissolving a temporary injunction theretofore granted by him. It is a companion case to the case of Vogel v. State of Texas, 50 S.W.(2d) 348, on appeal from the county court of Real county, this day decided by this court. The application sought to restrain the county judge and commissioners of Real county, as well as other persons, from entering upon and putting to a public use certain lands owned by appellants therein described. The cause as to condemnation had been dismissed from the county court, and an appeal had been perfected to this court. The award made by the commissioners appointed by the county judge was $150 in money. This was to be compensation for a strip of land approximately 40 feet in width and probably 600 feet in length, and 18 feet off the side of a store building 40 feet or more in length. It is apparent that the property is worth much more than the award. This is evident from the fact that appellees endeavored to change the award to $400 after the appeal to this court had been perfected. The award was evidently totally inadequate to compensate appellants for their loss, and it was a clear case of an attempt to deprive owners of their property without adequate compensation. It was under these circumstances, when the rights of appellants had not been secured and when they had been denied a hearing in the county court, the only court that had jurisdiction, that appellants applied to the district court, for no purpose of interfering with its lawful functions and jurisdiction, but simply to prevent the county judge, who had refused to hear the case, from taking the property with no adequate compensation. Appellants sought the injunction to preserve the status quo of their property until the appeal was decided. The injunction was properly granted by the district judge, and then was improperly dissolved by him. Travis County v. Trogdon, 88 Tex. 302, 31 S. W. 358, 361. In that case, the benefits of a road were made to offset damage to the property, and the court held:

"But both the constitution and the statute unconditionally command that 'adequate compensation' be made for the land taken, and no offset thereto can be allowed.

"It is suggested that this provision can be evaded by the allowance and deposit of a nominal sum in compliance with the constitution and statute. A sufficient answer to this is that the organic law uses no uncertain or idle language when it commands that 'adequate compensation' shall be made for the property taken, and courts of equity have ample power to enforce its mandate, as against a collusive or colorable order designed to defeat it."

That decision authorized the issuance of the injunction, and it should have been perpetuated until the county court had heard the cause. As bearing on the authority of the district court to grant the injunction, we cite the following case: Gulf Coast Irrigation Co. v. Gary, 118 Tex. 469, 14 S.W.(2d) 266.

The judgment of the district court is reversed, and judgment here rendered that a writ of injunction be issued from this court, restraining the appellees and any other from entering upon and taking possession of any of the property described in the application to the district court, and in any way interfering with appellants' use and enjoyment of their property until the county court of Real county shall have provided, by its judgment, for adequate compensation for said land.