

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

August 8, 1962

Honorable Mack Wallace
County Attorney
Henderson County Courthouse
Athens, Texas

Dear Mr. Wallace:

Opinion No. WW-1413

Re: Whether a contract seismograph
crew has the right to shoot on
county roads without obtaining
an easement for that purpose
from the county.

You have requested the opinion of this office as to the
following question:

"... whether or not a contract seismograph
crew has a right to shoot on county roads without
obtaining an easement for that purpose from the
county."

The public roads and highways of this State are estab-
lished and maintained as an attribute of sovereignty. Title and
control of public roads and highways, whether title to the land
over which it runs has been taken in fee simple or a mere easement
has been acquired by condemnation or otherwise, is in the State
and not the counties. Travis County v. Trogden, 88 Tex. 302, 31
S.W. 358 (1895); Robbins v. Limestone County, 114 Tex. 345, 268
S.W. 915 (1925); State v. Hale, 136 Tex. 29, 146 S.W.2d 731 (1941);
State v. Malone, 168 S.W.2d 292 (Civ.App. 1943, error ref. w.o.m.).
This is true even though the right of way for a particular road
may have been acquired or taken in the name of the county, for as
stated at page 919 of Robbins v. Limestone County, supra:

"Where not restricted by the Constitution, the
Legislature has full control of the property held
by a county as an agency of the state, and may ex-
ercise dominion and control over it without the con-
sent of the county and without compensating the
county for it."

It is only by virtue of the enactments of our Legisla-
ture, as passed and amended from time to time, that the counties
of this State, through their commissioners' courts, have ever ex-
ercised jurisdiction over public roads as a part of the county
business. The jurisdiction so granted may be enlarged or re-
stricted at the will of the Legislature, even to the point of ex-
cluding all authority respecting public roads, for as so often
stated by our courts: the county commissioners' courts are courts

of limited jurisdiction and exercise only such powers and authority as may be conferred upon them by the Constitution of Texas or the statutory enactments of the Legislature. Bland v. Orr, 90 Tex. 492, 39 S.W. 558 (1897); Mills County v. Lampasas County, 90 Tex. 603, 40 S.W. 403 (1897).

There is no provision of our Constitution or statutory enactment which would empower a county commissioners' court to issue a permit authorizing a seismograph crew to use the county roads or other public roads in the county for purposes of making a seismic survey. It, therefore, necessarily follows that such crew or company would not have to seek and obtain such a permit from the county commissioners' court.

We have partially answered your question by holding that no permit from the county is necessary, yet it does not necessarily follow, nor do we wish to be understood as holding, that a seismograph crew may have free and unrestricted use of the county roads in pursuing the secrets of the geological structures lying thereunder and adjacent, for such is certainly not the case.

The drilling of holes beneath the surface of the earth and the discharge of explosives incident to a seismograph survey necessarily involves the invasion of the mineral estate which lies beneath the surface of the earth. One who so invades the property of others without their permission must respond in damages for the trespass so committed. Phillips Petroleum Co. v. Cowden, 241 F.2d 586 (C.C.A. 5th, 1957). Your opinion request does not indicate how the roads in question were acquired or the status of the mineral estate involved, however, the general rule in Texas is well established to the effect that: (1) The owners of property abutting upon a public road or highway own the fee to the center of the road, subject to the public easement, unless it appears to the contrary in the granting clause by which the property was deeded, Mitchell v. Bass, 26 Tex. 372 (1862); Stanbery v. Wallace, 45 S.W.2d 198 (Tex.Comm.App. 1932); Roaring Springs Townsite Co. v. Paducah Telephone Co., 164 S.W. 50 (Civ. App. 1914); (2) The abutting owner, or his successors in title if the mineral estate be severed, retains the exclusive right in all minerals subject only to the public easement for travel, Clutter v. Davis, 62 S.W. 1107 (Civ.App. 1901, error ref.); Town of Refugio v. Strauch, 20 S.W.2d 326 (Civ.App. 1929) reversed on other grounds 29 S.W.2d 1041 (Comm. App. 1930).

Assuming that the seismograph crew or company in question has the authority of the owner of the mineral estate to conduct the tests in question, their use of the county roads for such purpose would still not be without restraint, for the public

has a right to free and unobstructed access to the public roads and highways.  Though the mineral owners and their privies may retain their rights in the mineral estates, nonetheless these rights are subject to the public right of travel and they may not interfere therewith.  Calvert v. Harris County, 46 S.W.2d 375 (Civ.App. 1932, error ref.); Perry v. Jaggers, 9 S.W.2d 143 (Civ.App. 1928, error dism. w.o.j.); Town of Refugio v. Strauch, supra.

Boone v. Clark, 214 S.W. 607 (Civ.App. 1919, error ref.) is a case where an oil well was to be drilled upon the right of way of a public highway under a lease from the county and the landowner who abutted the highway at the point where the well was to be drilled.  Two legs of the derrick extended onto the traveled portion of the road and there was evidence that the free access of the public to the highway was thus impaired.  The court there held that the county had no authority to lease the right of way easement for oil and gas purposes or to grant authority to either the owner of the abutting fee or his lessee to obstruct the public way in the process of developing their mineral estate.  The court further held that the obstruction of the highway was a public nuisance which could be properly enjoined by other land owners who abutted the public road in question and also pointed out that Article 812 of Vernon's Penal Code (1911 Revision), which is now Article 784 of Vernon's Penal Code, made the wilful obstruction of a public road a misdemeanor and provided punishment therefor. These same principles would apply to a seismograph crew which uses the public right of way for conducting its tests.  It should be noted however that the question of whether the public may be obstructed in its use of the roadway or whether the roadway will be damaged are questions of fact to be determined from the particular circumstances.

We have endeavored to set forth the various principles of law which would applicable under various circumstances because of the fact that you informed us by telephone that you did not at this time know who owned the fee under the roadway involved or whether the seismograph crew purported to act with the consent of the owner of the underlying mineral estate, consequently, we did not, by holding that no permit from the county commissioners' court to use the county roads was necessary, desire to leave the impression that we were holding that a seismograph crew would be entitled to subvert the public roads of the county to its own needs and purposes in fulfilling its contract.

## SUMMARY

The county commissioners' court is not author-
ized to issue a permit to a seismograph crew to
make use of the right of way of the county roads to
conduct its tests.  Such seismograph crew may not
use such roads so as to obstruct the public use
thereof and may also be responsible in damages for
any unauthorized invasion upon the underlying min-
eral estate, or damages to the highway.

Very truly yours,

WILL WILSON
Attorney General of Texas

By W. O.

W. O. Shultz
Assistant

WOS:mkh:wb

APPROVED:

OPINION COMMITTEE

W. V. Geppert, Chairman
John Reeves
Elmer McVey
L. P. Lollar
Dudley McCalla

REVIEWED FOR THE ATTORNEY GENERAL

BY:  Leonard Passmore