The STATE of Texas, Appellant,

v.

The ENTERPRISE COMPANY, et al., Appellees.

No. B14–86–119–CV.

Court of Appeals of Texas,
Houston (14th Dist.).

Nov. 6, 1986.

Alvin K. James, Houston, John M. Schiltz, Austin, for appellant.

Bruce D. Mosier, Houston, for appellees.

Before PAUL PRESSLER, SEARS and CANNON, JJ.

PAUL PRESSLER, Justice.

The State condemned a portion of appellee's land for highway purposes. The market value of the part taken was determined to be $127,302. The State estimated the enhancement to the value of the remainder to be $35,357 arguing that Texas Property Code § 21.042(e) allows the benefit to the remainder to be subtracted from the compensation paid for the part taken. The trial court entered judgment for $127,302, the full market value of the land taken. We affirm.

The appellant, in two related points of error, complains that the trial court erred when it held that Texas Property Code did not require that the benefit to the remainder be offset against the compensation paid for the part taken, and if it did so require, it was unconstitutional.

Article I § 17 of the Texas Constitution provides that no person's property may be taken for public use unless adequate compensation has been made. The first case interpreting "adequate compensation" was *Buffalo Bayou, Brazos & Colorado Railroad Company v. Ferris*, 26 Tex. 588 (Tex. Sup.Ct.1863). That case held that the Texas Constitution requires compensation for the full market value of the land taken. The value of any benefits to the condemnee's remaining land may not offset the amount paid for the part taken. The Texas Supreme Court has repeatedly reaffirmed this interpretation of the Texas Constitution. *Dulaney v. Nolan County*, 85 Tex. 225, 20 S.W. 70 (1892); *State v. Carpenter*, 126 Tex. 604, 89 S.W.2d 194 (1936); *State v. Meyer*, 403 S.W.2d 366 (Tex.1966).

In 1984 the Legislature added subsection (e) to Tex.Prop.Code § 21.042. The new subsection states:

In awarding compensation or assessing the damages, the special commissioners shall consider any special and direct benefits that arise from the highway improvement that are peculiar to the property owner and that relate to the property owner's ownership, use, or enjoyment of the particular parcel of remaining real property.

The language and the legislative history of this new subsection suggests that the Legislature might have intended to change the method for determining adequate compensation for land condemned for highway purposes. However, the Texas Supreme Court has held that "adequate compensation" means the market price of the land actually taken without any reduction for estimated benefits to the condemnee's remaining land. If this principle is to be

changed, it must be done directly and not merely by suggestive language. The Texas Constitution has been clearly interpreted as disallowing such a deduction. If a statute changing this principle is to be constitutional, the Supreme Court of Texas must say that it is or the Texas Constitution must be amended.

The judgment of the trial court is affirmed.