A.W. Davis and Vaughan E. Waters, Bryan, for appellees.

Before ROBERTSON, SEARS and DRAUGHN, JJ.

**The STATE of Texas, Appellant,**

v.

**Jerry WINDHAM and Frank Thurmond, Appellees.**

**No. B14–89–01052–CV.**

Court of Appeals of Texas, Houston (14th Dist.).

Nov. 1, 1990.

### MAJORITY OPINION

ROBERTSON, Justice.

The state condemned, for the widening of Highway 6, a strip of appellees' land 110 feet in depth for a distance of 837.3 feet, totalling 2.12 acres. This condemned acreage was a part of a 19 acre tract owned by the appellees. The special commissioners awarded $60,250 and the state deposited such sum with the clerk of the court. Ap-

pellees appealed to the county court and withdrew the funds from the registry of the court. All matters pertaining to the power of appellant to condemn were stipulated, and appellees waived damages to the remainder of their property and the only issue remaining was the matter of adequate consideration.

Appellees filed a motion in limine, judicially admitting ownership of 16.88 acres of land adjacent to the 2.12 acres condemned and waived damages to the remainder. Appellees designated 3.84 acres of the whole tract lying adjacent to Highway 6 and consisting of the part taken plus adjacent property sufficient to constitute a uniform depth of 200 feet as a unit "for commercial development purposes and no use or improvement on the remainder of the 19 acres prevents the use of this unit for its highest and best use of commercial development." They alleged the value of this 3.84 acres to be much greater than the overall price per acre of the whole tract and requested the 3.84 acres be valued as a unit without regard to the value of the whole tract.

The trial court granted the motion and ordered that "all opinions or other evidence as to value of the said 2.12 acres to be taken must reflect an assessment of value based upon the inclusion of the part taken in the designated unit of approximately 3.84 acres.... No opinions or other evidence of value of the said 2.12 acres may reflect any assessment of value based upon the value of the 19-acre parent tract or the inclusion of the part taken therein." Consistent with his ruling on the motion in limine, the trial court rejected appellants tenders of proof before the jury which reflected a value of the part taken as a part of the whole tract. The jury returned a verdict of $138,520.50 or $1.50 per square foot. The sole issue on appeal, presented in two related points of error contests the ruling on the motion in limine and the consequent evidentiary ruling. We affirm.

Article I, § 17 of the Texas Constitution provides that no person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensa-

tion. Since *Buffalo Bayou, Brazos & Colorado R.R. Co. v. Ferris,* 26 Tex. 588 (1863), the Texas Supreme Court has unmistakably held that "adequate compensation" as contained in the constitution requires payment to the owner (1) of the intrinsic value of the land taken, without reference to the benefits he might derive from the improvement and that such claim can not be offset by such benefits and (2) damages occasioned to the remainder. In *Travis County v. Trogdon,* 88 Tex. 302, 31 S.W. 358 (1895), the Supreme Court pointed out that the identical constitutional provision, without change, had been incorporated into all later revisions of the constitution. *See also: State v. Carpenter,* 126 Tex. 604, 89 S.W.2d 194 (1936, opinion adopted); *State v. Meyer,* 403 S.W.2d 366 (Tex.1966).

However, in 1984 the legislature added subsection (e) to Tex.Prop.Code Ann. § 21.042, providing:

(e) If a portion of a tract or parcel of real property is condemned for the use, construction, operation, or maintenance of the state highway system or of a county toll project described by Chapter 304, Acts of the 50th Legislature, Regular Session, 1947 (Article 6795b-1, Vernon's Texas Civil Statutes), that is eligible for designation as part of the state highway system, the special commissioners shall determine the damage to the property owner regardless of whether the property owner makes a claim for damages to the remaining property. In awarding compensation or assessing the damages, the special commissioners shall consider any special and direct benefits that arise from the highway improvement that are peculiar to the property owner and that relate to the property owner's ownership, use, or enjoyment of the particular parcel of remaining real property.

In *State v. Enterprise Co.,* 728 S.W.2d 812 (Tex.App.—Houston [14th Dist.] 1986, writ ref'd n.r.e), we held that if a statute changing the principle of "adequate compensation" as contained in Article I § 17 of the Texas Constitution and as defined by the supreme court is to be held constitutional,

either the supreme court must say so or the constitution must be amended. Appellant attempts to distinguish *Enterprise* on the basis that we were speaking only of the second sentence of subsection (e). We fail to understand a basis for distinction and we therefore adhere to what we said in *Enterprise*. Consequently, appellant's points of error are overruled.

The judgment is affirmed.

SEARS, J., dissents.