The STATE of Texas, Appellant,

v.

TEX-J RANCHES, INC.,
et al., Appellees.

No. 10-90-146-CV.

Court of Appeals of Texas,
Waco.

Nov. 20, 1991.

Dan Morales, Atty. Gen., Will Pryor, First Asst. Atty. Gen., Mary F. Keller, Executive Asst. Atty. Gen., Richard D. Naylor, Asst. Atty. Gen., Chief, Highway Div., Mark Heidenheimer, Asst. Atty. Gen., Austin, for appellant.

A.W. Davis and Vaughan E. Waters, Davis & Davis, Bryan, for appellees.

Before THOMAS, C.J., and CUMMINGS and VANCE, JJ.

OPINION

CUMMINGS, Justice.

The State condemned 1.7919 acres of land out of Appellee's 54.99-acre tract for highway purposes. A jury returned a verdict awarding Appellee $4.50 per square foot, or a total compensation of $351,000 for the 1.7919 acres. The State contends that the court erred in (1) admitting evidence of market value considering the 1.7919 acres only as "severed land" and excluding evidence of the value assessed as a pro rata portion of the entire 54.99-acre tract, and (2) in prohibiting the State's expert witness from testifying about his "economic unit" theory of the subject neighborhood as it related to his appraisal of the 54.99-acre parent tract. We will affirm the judgment.

The facts and issues in this case are similar to those in *State v. Windham*, 803 S.W.2d 340 (Tex.App.—Houston [14th Dist.] 1990, writ granted). We agree with the analysis and reasoning of the Fourteenth Court of Appeals in its holding that,

if section 21.042(e), Texas Property Code changes the principle of "adequate compensation" as contained in Article I, Section 17, of the Texas Constitution and as defined by the supreme court since 1863, either the supreme court must say so or the constitution must be amended. *See id.* at 341, 342. We adopt the analysis and reasoning in *Windham*, overrule the State's points, and affirm the judgment.