HENRY WEST ET AL. V. CITY OF WACO ET AL.

No. 4463.    Decided May 4, 1927.

(294 S. W., 832).

1.—Cities—Regulating Use of Streets and Public Squares.

No person has a vested right in the use of the public streets or squares for conducting his private business. The Legislature has power to regulate or prohibit such use and may delegate such power to the city government. (P. 478).

**2.—Same—Statutory Powers.**

A city adopting the commission form of government under the "Home Rule" Amendment is given by statute power to regulate and control the operation of vehicles carrying passengers or goods for hire over its streets and public grounds, including the public square. Rev. Stats., Art. 1175, Secs. 12, 16, 18, 20, 21.   (P. 478).

**3.—Same—Cities—Public Square—Parking Vehicles Used for Hire.**

It was within the power of the City of Waco to prohibit, by ordinance, the parking of vehicles used for transporting passengers, freight, household goods, etc., for hire on its streets or its public square; and this though it prevented the operators of such vehicles, such as moving vans, from making use of the public square, as they had long been accustomed to do, as a place for transacting their business.   Such classification of their business and denial of the right accorded to other owners of vehicles was not unreasonable and did not constitute a discrimination against them forbidden by Art. 3, Sec. 1, of the Constitution; and they could not maintain injunction against the enforcement of such ordinance by the city authorities.   (Pp. 478, 479).

Error to the Court of Civil Appeals for the Tenth District, in an appeal from McLennan County.

West and others sued to obtain injunction against the enforcement of a parking ordinance by the City of Waco.   Judgment for defendant on a general demurrer sustained to plaintiff's petition was sustained on plaintiff's appeal (275 S. W., 282) and they obtained writ of error thereon.

*J. A. Kibler,* for plaintiffs in error.

The public square in the City of Waco having been for a great number of years used, and since the passage of the ordinance in question permitted now to be used, by the public generally and indiscriminately for (a) the parking of teams, automobiles, trucks and vehicles of every character, without any restrictions or limitations of any kind, and used for any and all purposes other than the purpose for which the trucks of the plaintiffs in error are used, and (b) as a mart and market place for the selling and offering for sale of garden truck, cotton, hay, corn, wood, livestock and all other character of personal property from the automobiles, wagons and trucks of all other persons, and (c) as a place for the assembling of all classes of laboring men for the purpose of seeking employment and offering their personal service and labor to the public as a means of livelihood, because the ordinance in question prohibits the trucks of the plaintiffs in error (used in transporting household goods and other character of personal property for hire) from being parked on said public square, there being no rational basis or difference which distinguishes the trucks of the plaintiffs in error from

those of other classes which are permitted to be, and are, parked on said public square under said ordinance, such ordinance constitutes unreasonable and arbitrary class legislation and is an unreasonable and arbitrary discrimination against the trucks of plaintiffs in error, and is, therefore, unconstitutional and its enforcement should be restrained. Secs. 3 and 19, Art. 1, State Constitution; Sec. 1, Fourteenth Amendment, U. S. Constitution; Cathey v. Weaver, 242 S. W., 447, 453-4; Lossing v. Hughes, 244 S. W., 556-9; Railway Co. v. Ellis, 165 U. S., 150; Ency. U. S. Sup. Ct. Reports, pp. 362-3; Railway Co. v. Wilson, 19 S. W., 910.

*John McGlasson* and *W. L. McConnell,* for defendants in error.

The power to control the use of streets, alleys and public grounds having been expressly given by the Legislature, the courts have not the right to inquire into the reasonableness of an ordinance passed in exercise of such express power. Green v. City of San Antonio, 178 S. W., 6; Fetzer v. City of San Antonio, 241 S. W., 1038.

The governing body of a municipality having the power to designate the place or places where vehicles operated for hire must stand, naturally have the right to designate the part or parts of streets, alleys and public grounds upon which such vehicles may not stand or be parked. Ex Parte Vance, 628 S. W., 568; Waldorf Astoria Hotel Co. v. City of New York, 105 N. E., 803; Ex Parte Bradshaw, 159 S. W., 259; Waid v. City of Fort Worth, 258 S. W., 1118.

The carrying on of business upon highways, streets, alleys and public grounds is not an inherent right of the individual; and the governing body of a municipality in the exercise of its discretion has the power to regulate and control the carrying on of business in such places and the further right to prohibit the carrying on of business upon the streets, alleys, highways and public grounds, and when such governing body has exercised that discretion, it is not a proper matter for the courts to say whether or not the discretion vested in such governing body is properly exercised. Fetzer v. City of San Antonio, 241 S. W., 1034; Green v. City of San Antonio, 178 S. W., 6; Peters v. City of San Antonio, 195 S. W., 990; City of San Antonio v. Stokes, 246 S. W., 706.

The governing body of a municipality has not only the power to designate the place where vehicles operated for hire must stand, but has also the power to prohibit the driver of such vehicle from leaving such vehicle for the purpose of soliciting

business for himself.    Ex Parte Vance, 62 S. W., 568; Waldorf Astoria Hotel Co. v. City of New York, 105 N. E., 803.

The fact that the public, generally and indiscriminately, may have been allowed to use certain streets, alleys and public grounds for certain purposes over a long period of years does not vest any inherent right to so continue to use such place, and the governing body of a municipality has the right to prohibit the carrying on of any particular business upon any part of the streets, alleys and public grounds so long as it affects any person of the same class indiscriminately.    Green v. City of San Antonio, 178 S. W., 6; Ex Parte Luna, 266 S. W., 415; Peters v. City of San Antonio, 195 S. W., 992; Waid v. City of Fort Worth, 258 S. W., 1118.

The necessity of the passage of an ordinance is vested in the governing body of a municipality, and when it has the power to pass an ordinance it has exercised its discretion, and the fact that certain persons may be affected thereby and the fact that it may work a hardship and cause financial loss to certain persons cannot be taken into consideration by the courts in passing upon the validity of any ordinance passed in the exercise of such discretion.    City of San Antonio v. Fitzer, 241 S. W., 1038; Waid v. City of Fort Worth, 258 S. W., 1118.

An ordinance which affects all persons in the same class, although it may not affect other persons not in that class, is not inhibited by the Constitution of the State of Texas, nor the Constitution of the United States.    Barbier v. Connally, 113 U. S., 923; Soon Hing v. Crowley, 113 U. S., 1145; Green v. City of San Antonio, 178 S. W., 6.

MR. JUSTICE PIERSON delivered the opinion of the court.

For a statement of the case we quote the following from the opinion of the Honorable Court of Civil Appeals, 275 S. W., 282:

"This suit was instituted by appellants, forty-four in number, against the City of Waco, its Mayor, City Commissioners and City Manager, seeking an injunction to prevent the enforcement of the following ordinance passed by the City Commissioners of the City of Waco:

" 'Section 1.    It shall hereafter be unlawful to park vehicles operated for hire upon any of the public square in the City of Waco.

" 'Section 2.    By the term "vehicle operated for hire" shall include all vehicles used and operated for the purpose of transporting passengers, freight, household furniture or any other

kind of personal property, for which a fee or other remuneration is paid or received for said transporting or use of said vehicle.'

"Section 3 provides a penalty for violation of the ordinance, not to exceed $200.

"Appellants alleged that no other ordinance had ever been passed by the Commissioners of the City of Waco which in any manner prohibited the parking of wagons, automobiles, trucks or any character of vehicle on the public square, and that the public generally were using the square as a public mart and market place for parking teams and all kinds of vehicles, and that said public square had for seventy-five years been used as a public square, where all kinds of business had been and could be carried on by all classes of citizens.

"Appellants alleged that they were 'engaged in the moving and transfer business and used their said trucks for transporting household furniture and other character of personal property, and charged fees therefor, using their personal service and labor in such business; that the aggregate value of their said trucks so used in said business is more than the sum of $10,000, and if the plaintiffs are denied the right and privilege of parking their said trucks on said public square, as provided by the terms of said ordinance, their said business will be greatly damaged, if not practically destroyed.' They alleged that their trucks were the same size as other trucks used by other classes of people who parked on the public square. They alleged that the ordinance was void and its enforcement should be restrained:

" '(a)   Because it is unreasonable, arbitrary, oppressive and an unwarranted invasion of the plaintiffs' personal liberties * * * and is an unwarranted restriction in the pursuit of the business in which the plaintiffs are engaged.

" '(b)   Because the same constitutes and is class legislation, in that it discriminates against the plaintiffs and in favor of all others of the general public who use or may desire to use said public square for the purpose of parking their trucks or vehicles.

" '(c)   Because it violates Sec. 3 of Art. 1 of the Constitution of the State of Texas.

" '(d)   Because it will destroy plaintiffs' business, by reason of the fact that there is no other public market place or public stand within the business district of the City of Waco convenient and accessible to the public which can or could be used by plaintiffs for parking their said trucks, and that the enforcement of the ordinance will force plaintiffs out of business.'

"Appellants prayed for an injunction, restraining appellees

from enforcing said ordinance. The trial court sustained a general demurrer to appellants' petition.

"The City of Waco is operated under the commission form of government, under the Home Rule Amendment, and it is admitted by appellants that the square was conveyed to the City of Waco for public use and that the city has the same right to control the public square as it has to control any of the streets within its corporate limits."

In discussing the case the court says:

"So far as we have been able to find, the courts uniformly hold that the individual citizen has no vested right in the streets of a city, and that the governing body of the city has, within reasonable limits, the right to control the use of its streets in any way that it determined is for the best interests of the public. It is now the established law in this State that the city has a right to prohibit by ordinance the barter and sale of all kinds of merchandise on its public square or streets, and that excepting from said ordinances farm products sold by the party who produces same, is not class legislation. Ex Parte Bradshaw, 159 S. W., 259; Wade v. Nunnelly, 46 S. W., 668; Ex Parte Henson, 90 S. W., 874; Ex Parte Hogg, 156 S. W., 931.

\*     \*     \*     \*     \*     \*     \*

"Appellants, by the allegations in their petition, show that they are engaged in the business of running and operating trucks in the nature of moving vans and wagons for hire, transporting merchandise, household goods and such like from one point to another within the corporate limits, and that they are and have been for a long number of years using the public square as their headquarters, office or place where they may be found and employed by the public generally. In short, they are using the public square as their place of business. Unquestionably, appellants do not, under the authorities, have a vested right to maintain their place of business on the public square or public streets of the City of Waco. The same line of reasoning and the same argument why they should be permitted to conduct their business on the public square is applicable to the 'jitney' driver, to the street vendor and to the transient merchants. If appellants have the right to use the public square as their place of business, then other classes of citizens would have an equal right, and our public streets would become marts of trade, rather than thoroughfares for the traveling public."

The Court of Civil Appeals affirmed the action of the District Court denying a writ of injunction on the pleadings of plaintiff in error.

Writ of error was granted because of the pendency in this court of the cases of City of Arlington et al. v. Lee A. Lillard et al. and City of Fort Worth et al. v. Lee A. Lillard et al. These cases are decided by opinions delivered today.

The controlling fact here, the effect of which seems not to be recognized by plaintiffs in error, is that by the ordinance complained of, the use of the public square of the City of Waco as a stand, a place of business, a place at which or in which to solicit business, and to ply and carry on their business, is denied to them.

The highways of the State, including streets of cities, belong to the State, and the State has full control and authority over them. They "are the property of and for the use of the State, which, through its Legislature, has absolute control over same, which control it may or may not, from time to time, delegate to local authorities." Robbins v. Limestone County, 114 Texas, 345; Travis County v. Trogden, 88 Texas, 302, 31 S. W., 358; Delta County v. Blackburn, 100 Texas, 51, 93 S. W., 422; Coleman v. Thurmond, 56 Texas, 514.

Under the Enabling Act to the Home Rule Amendment to the Constitution of the State, Secs. 12, 16, 18, 20 and 21 of Art. 1175, R. S., the power was delegated to the cities to regulate and control the operation of vehicles carrying passengers or freight for hire on and over the streets and public grounds of the cities.

The power to prohibit the use of the public square in Waco as a place of business by commercial vehicles clearly comes within the powers delegated to the City of Waco. As stated in 28 Corpus Juris, p. 265:

"Where a particular power is claimed for a municipal corporation * * * any fair, reasonable doubt as to the existence and possession of the power will be resolved against the corporation and the power denied to it. But the possession of the power being established, a generous measure of its exercise will be permitted to the end that it may effectuate its purpose."

Plaintiffs in error have no right to occupy and use the public square of the City of Waco as a stand and place to ply and carry on their private business.

If the city cannot regulate the use of its public square in this manner, and prohibit the carrying on of a private business thereon as here disclosed, its streets and public places would be at the mercy of all who desired to ply their trade and business thereon, and one of its important and most valuable powers

denied to it—that of protecting its citizens and the public from such encroachments.

In the case of Green v. City of San Antonio, 178 S. W., 6, in which a writ of error was denied, we approved the following declaration of the law:

"No individual has the inherent right to use a street or highway for business purposes. No man has the right to use a street for the prosecution of his private business, and his use for that purpose may be prohibited or regulated as the State or municipality may deem best for the public good. Not having the absolute right to use streets for the prosecution of private business, within the bounds of reason, where no discrimination is shown, persons or classes of persons may be controlled or regulated in the use of streets. This is a self-evident proposition, for, if it were not so, sidewalks and streets could be rendered impassable by those vending their wares or soliciting patronage."

City of San Antonio v. Fetzer, 241 S. W., 1034 (writ refused); Waid v. City of Fort Worth, 258 S. W., 1114 (writ refused).

The judgment of the Court of Civil Appeals is affirmed.