## CITY OF WINTERS et al. v. MURPHEY et al.
## (No. 6944.)

Court of Civil Appeals of Texas. Austin.
June 22, 1927.

1. **Municipal corporations** ⚖️➝703(1)—**Ordinance in effect prohibiting use of streets by motor carriers engaged in intercity transportation held void.**

Ordinance of city of Winters requiring, as prerequisite to right to use public streets, procurement of permit on compliance with certain requirements, which permit may be refused by city council if it found public necessity and convenience did not require it, in effect prohibiting use of city streets to persons engaged in intercity transportation for hire by motor vehicles, *held* void as not within legislative delegation of powers to municipal corporations.

2. **Injunction** ⚖️➝85(1)—**Enforcement of ordinance requiring certificate for use of streets and providing penalty for violation held properly enjoined.**

Injunction perpetually enjoining city's enforcement of ordinance requiring certificate of public convenience and necessity for use of streets, and fixing penalty for its violation, *held* properly granted, as against contention that equity will not enjoin enforcement of criminal statute.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by O. C. Murphey and others against the City of Winters and others to enjoin enforcement of an ordinance. From a judgment perpetually enjoining defendants from enforcing ordinance, defendants appeal. Affirmed.

R. T. Thornton, Jr., of Winters, and Harris & Harris, of San Angelo, for appellants.

Stinson, Coombes & Brooks, of Abilene, for appellees.

McCLENDON, C. J. Appeal from a judgment perpetually enjoining the town of Winters, its mayor and others officials, the appellants here and defendants below, from enforcing a certain ordinance with reference to the use of the streets of the town by motor vehicles engaged in transporting passengers and/or freight for hire. The appellees, plaintiffs below, were engaged in the business of transporting passengers for hire in motor vehicles over the public highways of the state, and their routes lay through the town of Winters. They did no intracity business, but

received passengers at Winters for other points, and at other points for Winters. The purpose and scope of the ordinance in question is set out in its caption, which reads:

"An ordinance declaring the right to use the public streets, highways, alleys and thoroughfares of the city of Winters, Texas, for the purpose of carrying freight or passengers for hire to be a privilege and unlawful unless the public necessity and convenience does in fact require such use, and a certificate of public necessity and convenience has been granted by the city council of the city of Winters, Texas, and a permit issued in pursuance thereof by the city secretary, classifying vehicles carrying passengers for hire into two classes and defining the same; defining freight; providing for the application for and the granting of such certificates and permits; declaring the operation of vehicles for the carriage of freight or passengers in violation of this ordinance to be unlawful; fixing a penalty; and declaring an emergency."

[1] The ordinance required, as a prerequisite to the use of the streets, the procurement of a permit upon application, which latter must show compliance with certain requirements not necessary to enumerate. The granting of a permit might be refused by the city council, if in the judgment of that body the public necessity and convenience did not in fact require it. The verified allegations of appellees' petition, upon which the judgment was based, showed compliance with the ordinance in every respect, and the refusal of the council to grant a certificate of public necessity and convenience, which the ordinance made essential to a permit. The petition alleged that this action was arbitrary and unreasonable, setting forth various grounds for holding it so. The above statement of the case is sufficient, however, in view of the recent holding of the Supreme Court in the cases of Arlington v. Lillard, 294 S. W. 829, Fort Worth v. Lillard, 294 S. W. 831, and Fort Worth v. McCaslin, 294 S. W. 834. The ordinance here in question and the ordinance in the two Fort Worth cases are not materially different, and the holding of the Supreme Court that the power therein sought to be exercised in absolutely refusing the use of the streets of the city to those engaged in the use of the public highways for intercity transportation for hire of passengers and freight by motor vehicles was not within the legislative delegation of powers to municipal corporations, and that the ordinance was therefore void, is controlling here.

[2] Appellants make the further contention that the judgment is erroneous under the principle that equity will not enjoin the enforcement of a criminal statute. In so far as this question is involved in the present case, it is ruled by the negative answer of the Supreme Court to the third question certified in the Arlington Case above, which reads:

"Did the trial court err in granting the injunction as he did?"

The trial court's judgment is affirmed.