## CITY OF BALLINGER et al. v. NICHOLS et al. (No. 6951.)

Court of Civil Appeals of Texas. Austin.
June 22, 1927.

1. Municipal corporations ☞703(1)—City may regulate use of streets and deny use for private business conducted entirely within city.

City has general power to regulate use of its streets, and may deny their use for private business conducted wholly within city limits.

2. Municipal corporations ☞703(1)—Validity of regulation of use of streets depends on whether it is proper and reasonable exercise of power to regulate street traffic.

As applied to intercity traffic, validity of regulation or inhibition against use of streets depends on whether it constitutes proper and reasonable exercise of power purely regulatory of street traffic, as distinguished from total inhibition to use of streets, and from regulation of business of intercity motor vehicular traffic for hire.

3. Municipal corporations ☞703(1)—Ordinance requiring intercity motor carriers to take on or discharge passengers or freight only at central depot held beyond city's power (Acts 40th Leg. [1927] c. 270).

City ordinance, requiring persons operating motor vehicles for intercity transportation of passengers or freight for hire to establish central depot, and prohibiting taking on or discharging passengers or freight at any other point within city, is not traffic regulation, but affects conduct of business, not within powers delegated to municipal corporations, but within powers vested in Railroad Commission under Acts 40th Leg. (1927) c. 270.

4. Municipal corporations ☞703(1)—Ordinance requiring intercity motor carriers to operate from central depot, if street traffic regulation, held unreasonable.

Ordinance requiring establishment of central depot for intercity motor vehicle transportation, and prohibiting taking on or discharging passengers or freight at any other point within city, if regarded as street traffic regulation, was arbitrary and unreasonable.

Appeal from District Court, Runnels County; J. O. Woodward, Judge.

Suit by J. A. Nichols and others against the City of Ballinger and others to enjoin enforcement of an ordinance. From an interlocutory order temporarily enjoining enforcement, defendants appeal. Affirmed.

A. K. Doss, of Ballinger, for appellants.
Parish & Crager, of Ballinger, Stinson, Combes & Brooks, of Abilene, and Walter O. Woodward, of Coleman, for appellees.

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

McCLENDON, C. J. Appeal from an interlocutory order temporarily enjoining the city of Ballinger, its mayor and other officials, the appellants here and defendants below, from enforcing a certain ordinance with reference to the use of the streets of the city by motor vehicles engaged in transporting passengers and/or freight for hire. The appellees, plaintiffs below, were engaged in an intercity business of transporting passengers for hire in motor vehicles over the public highways of the state; and their routes passed through Ballinger. They did no intracity business, but received and discharged passengers at Ballinger.

The ordinance in question in its general provisions is identical with that in cause No. 6944 (Winters v. Murphey et al., 297 S. W. 479, this day decided by this court. The petition alleges that appellees had complied with all the requirements of the ordinance, including the payment of prescribed license taxes, and "that by reason of said payments of said fee as provided in said section 4 of said ordinance the plaintiffs herein have been thereby licensed and permitted to operate their motorbusses over the thoroughfares and highways of the city of Ballinger, Tex., the defendants herein."

It is unnecessary to discuss the validity of those requirements of the ordinance with which appellees have complied, and which could not, therefore, form the basis of complaint. Incidentally, however, it may not be amiss to note that the right of a municipality to exact a license fee from those operating motor vehicles for hire has been repeatedly adjudicated adversely to the asserted right. See Doeppenschmidt v. New Braunfels (Tex. Civ. App.) 289 S. W. 425, and authorities there cited.

The only provisions of the ordinance which could form the basis for an injunction under the allegations of plaintiffs' petition are sections 6 and 7. The latter inhibits the use by intercity busses of the following streets:

"Hutchins avenue between Seventh and Ninth street; Eighth street between Hutchins avenue and Railroad avenue, and such restricted portions of said streets, however, not to include the intersections of Hutchins avenue with Seventh street and Ninth street, nor Eighth street with Railroad avenue."

In connection with this restriction the petition alleges that appellees "cannot operate their said automobiles and motorbusses between said points aforesaid and carry passengers between said points aforesaid to and from the cities and towns named and mentioned hereinbefore without passing over some street in the city of Ballinger and over Hutchins avenue and over Eighth street of said city."

The import of this allegation is that the restriction in section 7 amounts in practical effect to a denial of the use of the streets of

the city to appellees in the conduct of their business, and brings the case, in so far as this provision of the ordinance is concerned, within the holding in Arlington v. Lillard (Tex. Sup.) 294 S. W. 829.

The sixth section of the ordinance requires for this character of traffic the establishment and maintenance of a central station or depot for taking on and discharging passengers and freight, and makes it unlawful to take on or discharge passengers or freight at any other point in the city.

[1] The decision in the Arlington Case is expressly limited to the holding that a municipality may not deny the use of all its streets to intercity motor vehicular transportation for hire, or pass any ordinance that would have the effect of such denial. A city has the general power to regulate the use of its streets, and may even deny their use for private business conducted wholly within the city limits. See West v. Waco (Tex. Sup.) 294 S. W. 832, and cases therein cited.

[2, 3] It follows from these general principles that, as applied to intercity traffic, the validity of a regulation or of an inhibition must depend upon whether it constitutes a proper and reasonable exercise of a power purely regulatory of city street traffic, as distinguished both from a total inhibition against the use of its streets and from regulation of the business of intercity motor vehicular traffic for hire. All reasonable traffic regulations, such as limit of speed (where not controlled by general law), designations of routes, general traffic rules affecting all motor vehicles, and such like matters, would seem to fall within the delegated powers. The provisions of section 6 of the ordinance, requiring establishment of one central depot, and inhibiting taking on or discharging passengers or freight at any other point within the city, are we think regulations affecting the conduct of the business as a convenience to the traveling public, and cannot properly be classified as street traffic regulations. The state has authorized the business, but has never delegated its regulation to municipal corporations. It may be noted in this connection that the recent regular session of the Legislature passed a comprehensive act vesting such regulation in the Railroad Commission. Gen. Laws, Regular Session, Fortieth Legislature, c. 270, p. 399 et seq. The establishment of depots clearly pertains to the conduct of the business of transportation, and is not a street traffic regulation.

[4] With reference to the other provision of section 6, we do not mean to hold that a city may not make reasonable regulations with reference to the points on its streets where passengers and freight may be taken on and discharged. But a requirement that this may not be done anywhere within the city limits except at a central depot is not a proper exercise of that power, even if it may

in any sense be classed as a regulation of street use or traffic. One of the attractive features of motor vehicular transportation is the convenience it affords to members of the traveling public in permitting them to board and disembark at any convenient point on the route. To require all travelers to go to a central point for embarkation or to disembark at such central point would be to lessen this convenience, without at the same time affording any advantage to the use of the streets for general traffic or other street purposes. Its only substantial effect is to hamper the service which the business may render. If in any sense it may be regarded as a street traffic regulation it is manifestly arbitrary and unreasonable.

The trial court's judgment is affirmed.

Affirmed.