## TITUS COUNTY et al. v. CITY OF MT. PLEASANT.

### No. 6479.

Court of Civil Appeals of Texas. Texarkana.

March 2, 1950.

for the past seventy-five years; that the portion of said block not occupied by the courthouse, lawns and sidewalks is now, and has been at all times, used for passageways and parking places, open to the general public for vehicles of all kinds and character; and that such portion of said block so used by the general public is covered with a concrete slab which was constructed and is maintained solely and entirely at the expense of the County. The case was tried upon an agreed statement of facts, to the court without a jury, wherein the court rendered a judgment in favor of the City of Mt. Pleasant, as follows:

"It is Therefore the Order, Judgment and Decree of the Court that the said concreted area of said square is hereby declared a public way by permission only on the part of the defendant Titus County, and that so long as said area or any part thereof is open to the general public as passageways and parking places for vehicles, such area be subject to the police power of plaintiff (city) in regulation of traffic and merchandising as heretofore or may hereafter be promulgated by ordinances duly adopted by the governing body of plaintiff, such right to continue only so long as Titus County and its governing body permits such concreted area of said square to be used as a public way; and It Is the Further Judgment of the Court that at such future time as Titus County, acting by and through its authorized officers, desires to close all or any part of said concreted area to traffic that it shall have the right to do so;

"It Is the Further Order, Judgment and Decree of this Court that this judgment shall be binding not only on the officers of Titus County who are Defendants herein, but also to their successors in office * * *"

Appellants' point 3 asserts that the trial court erred "in rendering judgment declaring that such area be subject to the police power of the City of Mt. Pleasant in regulation of traffic, etc., without any determination of which use serves the superior right of the general public, the City's right to exercise police power over such area,

Ward & Benson, Mt. Pleasant, Bird Old, Jr., Mt. Pleasant, for appellants.

Traylor Russell, Mt. Pleasant, for appellee.

HALL, Chief Justice.

This is an action by the City of Mt. Pleasant, the County Seat of Titus County, Texas, operating under the Home Charter Rule, against Titus County, Texas, and its Commissioners Court and Sheriff, in which action the City of Mt. Pleasant asked the court, under the Declaratory Judgments Act, Vernon's Ann.Civ.St. art. 2524—1, to declare the rights of plaintiff and defendants with reference to the Police Powers of the city over that portion of the block of land located within the corporate limits of said city including the lawn and sidewalk, surrounding the County Courthouse. It was alleged by plaintiff that defendant Titus County is the owner in fee simple of the entire block of land described in its original petition; that the County Courthouse is now and has been situated thereon

or the primary purposes and uses for which such area is dedicated by the Commissioners' Court of Titus County."

As we view this record there is no contention by appellees that the portion of the public square in controversy here is or has ever been a part of the street system of appellee City. The agreed facts are that it has never been a part of the street system of Mt. Pleasant. The contention of the City is that by reason of the paved portion of the public square being within its corporate limits and used by the public indiscriminately for travel and parking of all manner of vehicles it is subject to the police power of the City under its charter, and gives it the right to regulate traffic and the selling of merchandise thereon. The trial court concluded as a matter of law that the paved driveway here involved "has not become a part of the permanent street system of Mt. Pleasant, Texas, and is a public passage by permission only * * * Titus County, acting through its proper officers and officials has the right to close all or any part of said area to traffic at such time as its governing body or officials see fit to do so." This conclusion finds complete support in the agreed statement of facts. Further, the record shows without dispute that the county not only constructed the concrete passageway, but has maintained it. The city has marked off parking lanes thereon and keeps the pavement clean. If the conclusion above by the trial court means anything it is that the county has never relinquished its right of use or ownership of the paved strip, but the use by the public of said strip is permissive only. It follows from said conclusion that the county and not the city has the right to close the paved way and prevent its use by the public. Under the above finding, as well as under the agreed statement of facts to the same effect, the City has no right to exercise its full police power over this paved strip as it would over its own laid-out and maintained streets. Several cases have been cited by the appellee which it asserts upholds the judgment of the trial court. In the case of the City of Galveston v. Galveston County, 159 S.W.2d 976, the Court of Civil Appeals had before it a case involving an injunction by the County of Galveston to prevent the City of Galveston from installing parking meters on the Boulevard atop the seawall. There, as here, the county constructed the boulevard over land owned by it in fee simple. All the county sought by that suit was to prohibit the city from injuring the pavement by placing thereon parking meters. It was insisted by the county that such installation would or might weaken the pavement thereby weakening the seawall protecting the City of Galveston from tropical storms. This was the sole issue presented and disposed of in that decision, and for that reason it is not in point here.

Another case cited by appellee is the City of Lockhart et al. v. Commissioners Court of Caldwell County et al., Tex.Civ. App., 278 S.W. 319, 320. In that case the property on which the courthouse was located was conveyed to the County by the City. The county maintained a hitching rack outside of the fenced inclosure of the courthouse grounds proper. The city removed the hitching rack and suit followed. The facts showed that the use of the hitching rack by the public and the parking of vehicles upon the pavement adjacent to the courthouse grounds "constituted an obstruction of the street and a nuisance, and very seriously impeded and increased the cost of cleaning the street, and that traffic was impeded and blocked by horse-drawn vehicles being tethered to it and extending out some distance into the street." The opinion goes on to state that the portion of the square under consideration had been "voluntarily set aside as a public thoroughfare," and for that reason the city was held to have control over it.

The case of West et al. v. City of Waco et al., 116 Tex. 472, 294 S.W. 832, 833, by the Supreme Court, was a case involving the question whether the City of Waco or the county of McLennan had jurisdiction over the courthouse square outside of the courthouse grounds proper. This statement from that case clearly shows that it is not controlling of the facts here; "The city of Waco is operated under the commission form of government, under the

Home Rule Amendment, and *it is admitted by appellant* (the county) *that the square was conveyed to the city of Waco for public use, and that the city has the same right to control the public square as it has to control any of the streets within its corporate limits.*" (Italics ours.)

Thus, it is clearly seen that the cases above listed are not controlling here. First, the county is the owner in fee simple of the land upon which the paved strip lies; 2nd, the county constructed and maintains the paved strip; 3rd, the property has never been dedicated or in anywise conveyed to the city for use as a public street; 4th, as found by the trial court, it is not now and never has been a part of the public street system of the city. The paved way forms a square or rectangle and lies between the courthouse lawn and the adjacent streets on the North, South, East and West; it does not cross any city street. The county and not the city has the right to close it to all travel by the public. It is common knowledge that many people visit for business reasons and otherwise, the county courthouse in a county of the importance of Titus and use the paved way for parking their vehicles. There is no contention here by the city that the use being made of the paved way by the county is in anywise harmful to the health, morals, or endangers the life and limb of the inhabitants of the city. Neither party to this cause charges any wrongful act against the other with respect to the use of the paved way.

After mature deliberation and careful study of the record in this case, we have concluded that the city, not having the right to close the paved way or prevent its use by the public, it follows that it has no right to regulate its use except insofar as such use might affect the health, morals, peace or life and limb of its inhabitants. The City has no right to regulate traffic or parking of cars on the paved way except for the reasons set out next above.

We think the conclusions expressed above dispose of the other points brought forward.

With the above modification the judgment of the trial court is affirmed.

Judgment modified and affirmed.