

# THE ATTORNEY GENERAL

## OF TEXAS

### AUSTIN 11, TEXAS

**WILL WILSON**
**ATTORNEY GENERAL**

July 5, 1960

Honorable E. Jack Cook
County Attorney
Kleberg County
Kingsville, Texas

Opinion No. WW-870

Re: Authority of Kleberg County
to execute an oil and gas
lease on a county road right
of way.

Dear Mr. Cook:

You request the opinion of this office upon the question of the authority of Kleberg County to execute an oil and gas lease of the right of way of a county road in said county. A certified copy of the deed under which the county claims title to the oil and gas under the right of way is submitted with your request.

As an initial approach to your question, we deem it necessary to construe the right of way deed to determine if it conveys a fee simple title or a lesser estate, such as an easement.

We construe the deed to the county here involved as conveying a fee simple title, notwithstanding the phrase at the close of the granting clause, "said two strips being for the use of the county of Kleberg as a county road". This construction is supported by the weight of authority in this State, and is in accord with such cases as Haynes, et al vs. McLaine, 154 Tex. 272, 276 S.W.2d 777 (1955), and cases there cited, such as Hughes vs. Gladewater County Line Independent School District, 124 Tex. 190, 76 S.W.2d 471 (1934). These cases hold that in the absence of clear and explicit exceptions, reservations and conditions limiting the grant, a fee simple title will be assumed to have been granted instead of a lesser estate, such as an easement. A careful examination of this deed, including the granting clause and the habendum clause, leads to the conclusion that a fee simple title was granted. By the language of the deed, the the granting clause recites:

"Have granted, sold and conveyed and by these presents do grant, sell and convey unto Ben F. Wilson, County Judge of Kleberg County, Texas, and his successors in office . . ."

followed by the description of the property. The habendum clause recites:

"To have and to hold the above described premises, together with all and singular the rights and appurtenances thereto in any wise belonging, unto the said Ben F. Wilson, as County Judge of Kleberg County, Texas, and his successors and its assigns forever."

The warranty provision states "to warrant and forever defend all and singular the said premises unto the said Ben F. Wilson, as County Judge of Kleberg County, Texas, and his successors and its assigns . . ." The above quoted phrase as to the two strips being used by the county of Kleberg as a county road does not, in our opinion, convert the deed into a grant of a mere easement; it merely restricts its use, or makes the grant subject thereto. In brief, it is not such a clear exception, reservation and condition as to evidence the granting of merely an easement.

The fact that the deed is to the County Judge instead of directly to the county is not important. It is, nevertheless, a deed to the county.

Having concluded that the deed conveys a fee simple title and not merely an easement, we come to the crucial question: does the county own the land embraced within the highway that is conveyed by the deed? The fact that the deed conveys a fee simple title does not compel the conclusion that the county owns the land embraced in the right of way, including the oil and gas thereunder. The question of State versus county ownership of roads or highways has been considered by the Courts of this State several times, beginning with the case of Travis County vs. Trogden, 88 Tex. 302, 31 S.W. 358 (1895). At this early date, the Supreme Court held that the roads and highways of the State belong to the State and not to the counties within which they are located. See also Boone v. Clark, 214 S.W. 607 (Civ. App. 1919, writ ref.). The next case decided by the Supreme Court is Robbins vs. Limestone County, 114 Tex. 345, 268 S.W. 915 (1925). In that case, the legal title to the property was in the county, as is the case here. In that case, the Court said:

"While the title, under the authority of law, was taken in the name of the county and under statutory authority, and the county was authorized and charged with the construction and maintenance of the public roads within its boundaries, yet it was for the state and for the benefit of the state and the people thereof."

The next case on this question considered by the Supreme Court is the case of State vs. Hale, 136 Tex. 29, 146 S.W.2d 731 (1941), in which the Court said:

"That public roads belong to the State, and
that the State has full control and authority over
same, is now well settled. Travis County v. Trogden,
88 Tex. 302, 31 S. W. 358; Robbins v. Limestone County,
supra."

Note that the Supreme Court in this case said that the question is now well settled that the State and not the counties own the roads and highways. Other cases in which the question has been considered and State ownership confirmed are: West vs. City of Waco, 116 Tex. 472, 478 and 294 S.W. 832, 833 (1927;) Harris County vs. Hall, 56 S.W.2d 943, 944 (Civ.App. 1933, error dism.); State vs. Malone, 168 S.W.2d 292, 296 (Civ.App. 1943, error ref. w.o.m.); Lower Nueces River Water Supply District vs. Live Oak County, 312 S.W.2d 696, 701 (Civ.App. 1958, no writ hist.).

We quote the following from the case of State vs. Malone referred to above to show that it is immaterial when and in what manner this road was acquired.

"The public road constituting the highway had
no doubt been in existence many years. In what manner
the right of way was acquired does not appear from
the record. But at what time or in whatever manner
it was acquired the ownership was in the State. This
question is fully discussed with citation and analysis
of authorities in Robbins vs. Limestone County, 114
Tex. 345, 268 S.W. 915. (Emphasis supplied).

The fact that the Legislature may delegate to counties certain authority, power and supervision over roads and highways within their boundaries does not operate to devest the State of title and vest it in the counties. The Robbins vs. Limestone County case makes this quite clear.

We have not overlooked the effect that should be given in considering this question to Art. 5421p, Vernon's Civil Statutes. It is sufficient to say in connection with the construction and operation of this statute that by its specific term it applies only to such lands as may be owned by a political subdivision.

Since we have held that the State, and not the county, owns the public road involved in this opinion request, Art. 5421p, Vernon's Civil Statutes, has no application. We assume, in the absence of any information to the contrary, that there has been no severance of the surface and mineral estates as to the land covered by the deed. Hence, the State by virtue of its ownership of the land embraced in this right of way likewise owns the oil and gas thereunder.

Honorable E. Jack Cook, page 4 (WW-870)

The county, therefore, has no lawful authority to make a valid oil and gas lease on a county road right of way in the absence of some legislative authority conferring such power.

## SUMMARY

The ownership of public roads is in the State and not the counties within which they are located. Therefore, Kleberg County has no legal authority to execute an oil and gas lease on the county road right of way in question.

Very truly yours,

WILL WILSON
Attorney General of Texas

By L. P. Lollar
Assistant

William H. Pool, Jr.
Assistant

LPL:WHP:jf:pm

APPROVED:

OPINION COMMITTEE

W. V. Geppert , Chairman

J. Arthur Sandlin

Phocion S. Park, III

Marvin Brown

REVIEWED FOR THE ATTORNEY GENERAL
BY: Leonard Passmore