**PARKWAY LUMBER COMPANY,**
Appellant,

v.

**CITY OF MESQUITE, Appellee.**

No. 16574.

Court of Civil Appeals of Texas.

Dallas.

June 18, 1965.

Jack C. Morgan, Kaufman, for appellant.

Saner, Jack, Sallinger & Nichols, H. Louis Nichols, Dallas, for appellee.

BATEMAN, Justice.

The appellee City of Mesquite, Texas, sued for and obtained a permanent injunction restraining appellant Parkway Lumber Company from unloading, stacking and storing lumber or scraps thereof on the right-of-way of Military Parkway, a public street in Mesquite. This right-of-way consists of a strip 50 feet wide and 350 feet long. It was conveyed to the County of Dallas by warranty deed dated July 29, 1950. The area having been annexed by the City of Mesquite in 1960, Dallas County conveyed the strip to the City by deed dated August 10, 1964. A portion of the strip is paved.

The appellant, occupying land abutting the right-of-way, was shown to have graveled a portion of the right-of-way between the land occupied by it and the paved portion of the street, and to have used this portion almost continuously as a place where its incoming shipments of lumber were unloaded and left stacked temporarily. It was also shown that this encroachment existed most of the time.

▮ Appellant contends that, being in lawful possession of abutting land, it has the legal right to use the right-of-way in any manner it sees fit so long as such use does not interfere with the use of the street by the public. It proved by several witnesses that there has been no such inter-ference, although the City Fire Marshal testified that the lumber stacked in the right-of-way would interfere with the fire department's ability to fight a fire on appellant's property.

We do not agree with appellant that a lawful occupant of abutting land has the legal right to determine for himself what portion of a public right-of-way is not necessary to the public's use and appropriate that portion to his own business use. We hold that no such right exists. If each abutting freeholder had and exercised such a right on all of the streets and highways, the public would be faced with an intolerable situation. Dozier v. City of Austin, Tex.Civ.App., 253 S.W. 554, wr. dism.; 28 Tex.Jur.2d, Highways and Streets, § 185, p. 217.

The City was entitled to the injunction granted. City of Wichita Falls v. Bowen, 143 Tex. 45, 182 S.W.2d 695, 698, 154 A.L.R. 1434; Greene v. City of San Antonio, Tex.Civ.App., 178 S.W. 6, wr. ref.; West v. City of Waco, 116 Tex. 472, 294 S.W. 832; 28 Tex.Jur.2d, Highways and Streets, § 146, p. 178.

Affirmed.