## CITY OF ARLINGTON ET AL. V. LEE A. LILLARD ET AL.

No. 4352.    Decided May 4, 1927.

(294 S. W., 829).

### 1.—Municipal Corporation—Limit of Power.

The jurisdiction and power exercised by a municipal corporation must be confined to the territory of its situs (except where authorized for purely local purposes) to its inhabitants and to its corporate entity. They can be created for no other purpose and powers of government cannot be delegated to them for any other end.    (P. 451).

### 2.—Same—Prohibiting Use of Streets.

A city chartered under the Home Rule Amendment to the Constitution, with power to regulate and license vehicles for transporting passengers and freight for hire cannot by ordinance forbid the use by such vehicles of certain of its streets, one of which is a part of a highway between other cities constructed by Federal and State aid, the prohibited streets being the only ones available by which users of such highway could pass through the city.    (Pp. 450-453).

### 3.—Same—Intercity Motor Bus.

A city cannot prohibit the use of its streets by an intercity motor bus by an ordinance which does not seek merely to control and regulate the use of its streets.    (P. 453).

### 4.—Same—Injunction.

The trial court properly granted an injunction against city authorities enforcing an ordinance prohibiting the use of certain of its streets by vehicles transporting passengers or freight for hire, on complaint of an interested motor bus line which did no local business in the city, and which by such enforcement would be preventing from passing through the city upon the State highway on which it operated, and thereby denied the use of that highway outside the city.    (Pp. 449-453).

Questions certified from the Court of Civil Appeals for the Second District, in an appeal from Tarrant County.

*J. W. Beard, R. E. Rouer, Gillis A. Johnson,* and *E. F. Smith,* for appellants.

The State has absolute control over its highways, including the streets and alleys of towns and cities, and may delegate to towns and cities the right to regulate or prohibit the use of streets and alleys for business purposes. Robbins v. Limestone County,

268 S. W., 915; Constitution, Art. 2, Sec. 5; Acts 33rd Leg., 310; McQuillin, Municipal Corporations, Sec. 227; Marietta Chair Co. v. Henderson, 121 Ga., 399, 49 S. E., 312; Harder's Storage Co. v. Chicago, 235 Ill., 58 N. E., 245; Cicero Lumber Co. v. Cicero, 176 Ill., 9, 51 N. E., 758; La Harpe v. Gas Co., 69 Kan., 97, 76 Pac., 448; Baltimore v. Flack, 104 Maryland, 107, 64 Atl., 702; State v. Board of Park Commissioners, 100 Minn., 150, 110 N. W., 1121; State v. Missouri Telegraph Co., 189 Mo., 83, 88 S. W., 41; Reis v. New York, 188 N. Y., 58, 80 N. E., 573; Simon v. Northrup, 27 Oregon, 487, 40 Pac., 560; Baird v. Rice, 63 Pa. St., 489; Columbus v. Union Pacific Ry. Co., 137 Fed., 869; Memphis v. Telegraph Co., 139 Fed., 707.

The City of Arlington having exclusive dominion, control and jurisdiction over its streets, may, under its general police power, prohibit the use of its streets by motor vehicles engaged in the business of carrying passengers and freight for hire if, in the judgment of the lawmaking body of the city, such use of the streets is detrimental to the general welfare of its citizens. Ex Parte Luna, 266 S. W., 415; Berry on Automobiles, Sec. 1512; Smith v. State, 130 Maryland, 482, 100 Atl., 778; Anderson v. Fidelity & Casualty Co., 228 N. Y., 475, 127 N. E., 584; Radice v. New York, 264 U. S., 292; Holden v. Hardy, 169 U. S., 366; State v. Pitney, 140 Pac., 918; 6 R. C. L., 111; Lakeshore Ry. Co. v. Smith, 173 U. S., 684; Ex Parte Townsend, 64 Texas Crim. Rep., 350, 144 S. W., 628; Anno. Cases, 1914c, 814; Northwestern Telegraph Exchange Co. v. Minnesota, 81 Minn., 140, 83 N. W., 527; State v. Central Lumber Co., 24 South Dakota, 136, 123 N. W., 504, 42 L. R. A. (N. S.), 804; Welsh v. Swasey, 193 Mass., 364, 23 L. R. A. (N. S.), 1160; Chicago v. Gunning System, 214 Ill., 628, 70 L. R. A., 230; State v. Brass, 2 North Dakota, 482, 53 N. W., 408; Sterett Packing Co. v. Portland, 79 Oregon, 260; Slaughter House Cases, 16 Wall., 36; Carthage v. Frederick, 122 N. Y., 268; Com. v. Bearse, 132 Mass., 542; Ex Parte Hughes, 50 Texas Crim. Rep., 614, 100 S. W., 160; Allman v. Mobile, 162 Ala., 226; Ex Parte Tuttle, 91 Cal., 589, 27 Pac., 933; Crawford v. Topeka, 51 Kan., 756, 33 Pac., 476; Waters-Pierce Oil Co. v. New Iberia, 47 La. Ann., 863, 17 S., 343; State Racing Commission v. Latonia Agricultural Assn., 136 Ky., 173, 27 L. R. A. (N. S.), 905; Commonwealth v. Plasted, 148 Mass., 375, 19 N. E., 224; Tarkio v. Cook, 120 Mo., 25 S. W., 202; Chicago v. Shaynin, 258 Ill., 69, 101 N. E., 224, 45 L. R. A. (N. S.), 23; Ex Parte Chaney, 90 Cal., 617; H. & T. C. R. Co. v. Dallas, 98 Texas, 396; 6 R. C. L., 191; Ex Parte Dickey, 76 W. Va., 576; Green v. San Antonio, 176 S. W., 6; Ex Parte

Cardinal, 150 Pac., 348; Nolan v. Reichman, 225 Fed., 812; Huston v. Des Moines, 176 Iowa, 445; New Orleans v. Le Blanc, 139 La., 135; Cummins v. Jones, 79 Oregon, 276; Dresser v. Wichita, 96 Kan., 820; San Antonio v. Fetzer, 178 S. W., 6; Peters v. San Antonio, 195 S. W., 989; San Antonio v. Stokes, 246 S. W., 706; Gill v. Dallas, 209 S. W., 209; West v. City of Waco, 275 S. W., 282.

Even if the Federal government contributed to the construction and maintenance of Division Street in the City of Arlington, the city is not thereby deprived of the exercise of the poliice power expressly delegated to it by the State of Texas, except in so far as the exercise of such power may unreasonably and unduly obstruct and interfere with the transportation of interstate commerce. Buck v. Kuykendall, 267 U. S., 307; Bush v. Maloy, 267 U. S., 317; Hendrick v. Maryland, 235 U. S., 622; Barbier v. Connolly, 113 U. S., 27; Smith v. Alabama, 124 U. S., 465; Lawton v. Steele, 152 U. S., 133; New York, N. H. & H. R. R. Co. v. New York, 165 U. S., 628; Holden v. Hardy, 169 U. S., 366; Lakeshore R. R. v. Ohio, 173 U. S., 285; Chicago, B. & Q. R. R. Co. v. McGuire, 219 U. S., 549; Atlantic Coast Line R. R. v. Georgia, 234 U. S., 280.

*Mayer, Rowe & Brown,* for appellees.

Said ordinance of said city is invalid, inoperative and void and an unlawful exercise of authority and power upon the part of said City of Arlington and the other appellants, in that it undertakes to prohibit and regulate traffic and transportation upon and over a State and National highway, and the effect and result of same is to impede, unduly restrict and obstruct traffic and transportation over a highway constructed with the funds of the National and State governments, and for the use and benefit of the citizens of the United States and the State of Texas, and is an unlawful interference with and infringement upon the rights of the citizens of the United States and the State of Texas to use and employ said public highway in any lawful manner, and for the furtherance of any lawful purpose, and to use and enjoy the same for any purpose whatsoever not prohibited by and in violation of the laws of the United States and of the State of Texas.

Said ordinance is further unreasonable, and therefore invalid and void, because it constitutes and is an unlawful and unwarranted restraint upon and interference with the right of appellees and others similarly situated to continue the operation of a

lawful and legitimate business, and to continue, in common with other citizens of the United States and of the State of Texas, the use of a National and State highway, such business and such use of said highway not being in any manner now prohibited by any Act of Congress or legislation of the State of Texas.

The ordinance is further unreasonable, and therefore invalid and void, because the City of Arlington is wholly without authority in law to prohibit the carriage of passengers, for hire, from, to and between Fort Worth and Dallas and other points beyond the City of Arlington and east and west thereof, and it has no control whatever over and cannot lawfully regulate such inter-city traffic and said ordinance is an invalid and unwarranted restriction upon the rights of appellees and others similarly situated to engage in such intercity traffic. And especially is the city without authority to so restrict, regulate and prohibit traffic along, upon and over a State and National highway. That the City of Arlington is wholly without authority to restrict and regulate or prohibit the use of such highway by travelers from, to and between other cities in the State of Texas.

MR. JUSTICE PIERSON delivered the opinion of the court.

The City of Arlington passed an ordinance which prohibits the use of Abrams and Division Streets, from the west boundary line of the city limits to the east boundary line of the city, by those engaged in the operation of motor busses or motor vehicles for hire, and provided a penalty for its violation.

Appellees operate a motor bus line for the carrying of passengers for hire from the City of Fort Worth to the City of Dallas, through the City of Arlington and other intermediate points, taking on and letting off passengers at said intermediate points. Appellees brought this suit in the District Court of Tarrant County for an injunction to restrain the enforcement of the ordinance. Among other things, appellees alleged that they accept and transport no passengers, and that it is their purpose hereafter not to accept or transport any passengers, between points within the City of Arlington; that Division Street is a part of the Bankhead Highway; and further allege, in effect, as construed by the Honorable Court of Civil Appeals, that Abrams and Division Streets are the only streets, thoroughfares and highways through the City of Arlington which can be used in going from Fort Worth and other points west of Arlington through to Dallas or other points beyond and east of Arlington; that under the provisions of the ordinance they are in fact

prohibited from passing through the City of Arlington; that the use of the State highways between the points named is interrupted and denied to them and others similarly situated; and that the prohibition thus exercised is beyond the power under the law for the city to exercise. The other allegations are immaterial.

The District Court granted a temporary injunction from which the City of Arlington appealed without otherwise joining issue, thereby admitting as true the allegations of fact.

The Honorable Court of Civil Appeals certify to us the following questions:

"1. Does the fact that Division Street in the City of Arlington is a part of the Bankhead Highway, and built in part at the expense of the United States Government and of the State of Texas, under the laws of those two sovereignties, preclude the City of Arlington from prohibiting its use by the appellees and others operating motor busses for hire?

"In answering this question, it may be well for you to consider the fact that the City of Arlington is operating under a charter granted under the 'Home Rule' amendment to the State Constitution and the statutes passed thereunder.

"2. Irrespective of the foregoing question, has a city the right to prohibit the use of its streets, by an ordinance that does not seek to merely control and regulate the use of said streets, to those operating motor busses?

"3. Did the trial court err in granting the injunction as he did?"

The facts of the case as pleaded and certified to us raise two distinct and important issues, either of which, under our view of the law, is conclusive of the case. One involves the power of a municipal corporation in the exercise of its dominion over its streets to affect and interfere with the use of a State thoroughfare or highway outside of and beyond the city limits by prohibiting the use of two certain streets within the city, one of which is a part of said highway. This issue is embodied in question No. 1. The other issue is the power of a city to prohibit the use of all its streets to those carrying passengers for hire. This issue is certified in question No. 2.

In the order that we have stated them above, we shall dispose of these issues.

Appellees alleged Abrams and Division Streets are the only streets or thoroughfares which can be used by them in traveling from Fort Worth and other points west of Arlington through the latter city to Dallas and other points east of Arlington; that there are no other ways through Arlington over which they may

travel, and that a denial of the use of Abrams and Division Streets prevents them from passing through the city which affects and interferes with their use of the State highway between Fort Worth and Dallas and intermediate points. That such a prohibition and denial does affect and interfere with their use of the State highway, not only through the City of Arlington but outside of and beyond that city's limits, is fairly evident.

A clear statement of the issue, which we have attempted, makes it readily apparent that the power is one that cannot be exercised by municipal corporations.

Much has been said as to the nature and powers of municipal corporations. We refer to the able authors, encyclopedias, and other treatises, without citing them.

The limitation of power in mind and adhered to here is that the jurisdiction and power exercised by a municipal corporation is and must be confined to the territory of its situs (except where authorized for purely local purposes), to its inhabitants, to its corporate entity, "and cannot be divorced therefrom, either in fact, thought or law."

Judge Cooley, in Cooley's Constitutional Limitations, Seventh Edition, p 309, says:

"The powers conferred upon municipalities must be construed with reference to the object of their creation, namely, as agencies of the State in local government. The State can create them for no other purpose, and it can confer powers of government to no other end, without at once coming in conflict with the constitutional maxim, that legislative power cannot be delegated, or with other maxims designed to confine all the agencies of government to the exercise of their proper functions. And wherever the municipality shall attempt to exercise powers not within the proper province of local self-government, whether the right to do so be claimed under express legislative grant, or by implication from the charter, the act must be considered as altogether *ultra vires,* and therefore void."

A municipality, as a local agency of the State, performs a variety of functions, some governmental, some gainful, and some purely municipal.

The power attempted to be exercised here, the prohibition of the use of certain streets, the effect of which is to interfere with the use of a State highway which approaches and passes through the city, is governmental in character. It is not gainful; neither is it purely municipal, but governmental, and we believe goes beyond the powers of local government. Its effect is extra-

territorial, and furthermore, if not directly inconsistent with the general laws of the State, is at least indirectly violative of and inconsistent with the general policy of the State in permitting the use of the highways of the State by those transporting passengers and freight for hire.

The State has not prohibited the use of the highways of the State, which include the streets of cities, to carriers of passengers and freight for hire, and for a city to deny them the use of such streets within its limits as will prevent them from passing through the city effects a denial of the use of the highways outside of the city and those which approach the city from any direction. This is the exercise of a power of the general government, and one in its nature which cannot be delegated to cities. For this reason, as well as for others, this exercise of the power by the City of Arlington is inconsistent with those legislative enactments general in their nature pertaining to the highways of the State, and their use by the citizens of the State and others, including those carrying passengers for hire.

The power sought to be exercised by the City of Arlington, that to prohibit the use of its streets by commercial vehicles desiring to pass through the city, cannot be treated as coming within the fair intent and purpose of its creation reasonably proper to give effect to the powers granted to it.

The other issue, embodied in question No. 2, is based on the allegation that Abrams and Division are the only through streets and that the denial of their use prevents appellees from passing through the city and is a denial to them of the use of any of the streets or of all the streets of the city.

The Home Rule Amendment to the State Constitution, Art. 11, Sec. 5, in part reads as follows:

"Cities having more than five thousand (5,000) inhabitants may, by a majority vote of the qualified voters of said city, at an election held for that purpose, adopt or amend their charters, subject to such limitations as may be prescribed by the Legislature, and providing that no charter or any ordinance passed under said charter shall contain any provision inconsistent with the constitution of the State, or of the general laws enacted by the Legislature of this State."

We think the power sought to be exercised here is inconsistent with general statutes, and has not been delegated to the cities, at least that it is very doubtful; and the rule as stated in 28 Corpus Juris, p 265, is that "where a particular power is claimed for a municipal corporation * * * any fair, reasonable doubt as to the existence and possession of the power will be resolved

against the corporation, and the power denied to it." Brenham v. Brenham Water Co., 67 Texas, 542.

The Enabling Act putting into effect the Home Rule Amendment to the State Constitution, Secs. 12, 16, 17, and 20 of Art. 1175, Rev. Stats., in general language grants to cities broad and general powers over their streets, but where a certain power is granted to municipalities by a *specific* provision of the general law, it is not enlarged by general language found elsewhere in the Act. In said Act the Legislature enumerated and granted to cities the specific power:

"To regulate, license and fix the charges or fares made by any person owning, operating or controlling any vehicle of any character used for the carrying of passengers for hire or the transportation of freight for hire on the public streets and alleys of the city." Art. 1175, Sec. 21, R. S.

Applying the maxim *"expressio unius est exclusio alterius,"* the Legislature having expressly provided that cities may regulate and control the use of their streets by carriers of passengers or freight for hire, it must be inferred that the power to prohibit the use to them of all its streets is denied.

Question No. 1, as restated herein, is answered in the affirmative. Questions Nos. 2 and 3 are answered in the negative.