

# The Attorney General of Texas

October 9, 1980

MARK WHITE
Attorney General

Supreme Court Building
P.O. Box 12548
Austin, TX. 78711
512/475-2501

1607 Main St., Suite 1400
Dallas, TX. 75201
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905
915/533-3484

1220 Dallas Ave., Suite 202
Houston, TX. 77002
713/650-0666

806 Broadway, Suite 312
Lubbock, TX. 79401
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Wilhelmina Delco
Chairman
Committee on Higher Education
P. O. Box 2910
Austin, Texas 78769

Opinion No. MW-253

Re: Whether a nonprofit corpora-
tion acting as a higher education
authority under section 53.47(e) of
the Education Code is governed by
other parts of chapter 53

Dear Representative Delco:

You request our interpretation of one provision of chapter 53 of the Education Code, relating to the establishment and operation of Higher Education Authorities. A Higher Education Authority may be created by a city. It has the power to issue revenue bonds to obtain funds to purchase student loan notes guaranteed under the provisions of the Higher Education Act of 1965. Educ. Code § 53.47. You inquire about the following provision:

> (e) In lieu of establishing an authority under the provisions of this chapter, the governing body of a home-rule city or cities may request a nonprofit corporation heretofore organized to exercise the powers enumerated and provided in this section for and on its behalf. If the corporation agrees to exercise such powers, the directors of such corporation shall thereafter be appointed by and be subject to removal by the governing body of the home-rule city or cities, and except as herein provided, Sections 53.14, 53.15, 53.31, 53.32, 53.38, and 53.41 through 53.43 of the Texas Education Code shall apply to and govern such corporation, its procedures, and bonds.

Educ. Code § 53.47(e). You wish to know whether an authority operating under this provision is exempt from the sections of chapter 53 not cited in section 53.47(e).

Subsection (e) of section 53.47 provides that a nonprofit corporation heretofore organized may exercise the powers enumerated in this section. Subsection (a) of this section provides that an authority heretofore created may issue revenue bonds to obtain funds to purchase student loan notes. It states as follows:

> Revenue bonds issued for such purpose shall be issued in accordance with and with the effect provided in this chapter, except Section 53.36 shall not apply, as said chapter has been modified by Chapter 3, Acts of the 61st Legislature, Regular Session, 1969, as amended (Article 717k-2, Vernon's Texas Civil Statutes), and by Chapter 784, Acts of the 61st Legislature, Regular Session, 1969 (Article 717k-3, Vernon's Texas Civil Statutes). Such bonds shall be payable from and secured by a pledge of revenues derived from or by reason of the ownership of student loan notes and investment income after deduction of such expenses or operating the loan program as may be specified by the bond resolution or trust indenture.

Educ. Code §53.47(a). In our opinion, section 53.47(a) subjects the nonprofit corporation to all provisions in chapter 53 relating to the issuance of revenue bonds except for section 53.36. Thus, sections 53.34, 53.35, 53.37, 53.39, and 53.40, would apply to the nonprofit corporation operating pursuant to section 53.47(e) of the Education Code.

In our opinion, the remaining substantive provisions of chapter 53 are not applicable to a nonprofit corporation operating under section 53.47(e) of the Education Code. Some of the remaining provisions give a coherent body of powers and attributes to Higher Education Authorities, which are not applicable to the nonprofit corporation operating under section 53.47(e) of the Education Code. For example, the Higher Education Authority organized under chapter 53 may acquire educational facilities. Certain other provisions of the chapter are related to this power. Public hearings in the House Committee on Higher Education on the bill which became section 53.47(e) indicate that the legislature was solely concerned with permitting certain existing nonprofit corporations to issue bonds in order to purchase student loan notes. Public hearings on Senate Bill No. 454, House Committee on Higher Education, May 6, 1975, tape filed with Hearing Reporter, John H. Reagan Building. There was no reference to the power to acquire educational facilities.

Various provisions appear to subserve the power to acquire educational facilities. These are not, in our opinion, made applicable to nonprofit corporations by section 53.47. For example, Higher Education Authorities lack the power to tax and the power of eminent domain. Educ. Code §§ 53.31, .32. Of course, these powers do not exist without a legislative grant, see Lasater v. Lopez, 217 S.W. 373 (Tex. 1919); Hall v. Wilbarger County, 37 S.W.2d 1041 (Tex. Civ. App. — Amarillo 1931), aff'd, 55 S.W.2d 797 (Tex. Comm'n App. 1932), but in the case of a nonprofit corporation, there is less need to rule out the grant of power by implication. See Attorney General Opinion H-1067 (1977). A Higher Education Authority may issue revenue bonds secured by the revenue from its facilities, and may operate its facilities on certain terms. Educ. Code §§ 53.33, .44. Finally, the property owned by the authority is exempt from taxation because it is held for educational purposes only. Educ. Code § 53.46. Again, these provisions are not relevant to a nonprofit corporation which does not hold educational facilities. Nor is section 53.11, relating to the creation of a Higher Education Authority, relevant to a hitherto existing nonprofit corporation operating under section 53.47(e).

Section 53.12 of the Education Code states that an authority comprises only the territory included within the boundaries of the city or cities creating it. Although this provision is not expressly applicable to a nonprofit corporation operating under section 53.47(e), the city using the corporation is still subject to the general rule that a municipal corporation's powers cease at its boundaries and cannot be exercised beyond them without the plain manifestation of legislative intent. City of Arlington v. Lillard, 294 S.W. 829 (Tex. 1927); Ex parte Ernest, 136 S.W.2d 595 (Tex. Crim. App. 1939); Dallas Power & Light Co. v. Carrington, 245 S.W. 1046 (Tex. Civ. App. — Dallas 1922, writ dism'd). The nonprofit corporation may, but is not required to, limit the purchase of notes to notes executed by students attending school in a certain geographical area or by students who are residents of the area. See Educ. Code § 53.47(d).

Two final provisions are not expressly made applicable to a nonprofit corporation organized under section 53.47(e). Section 53.45 provides that an authority may borrow money and accept grants from and enter into contracts with the United States, Texas, any municipal corporation, and any public or private person or corporation. The nonprofit corporation certainly has implied power to enter into contracts necessary to issue revenue bonds and purchase student loan notes and does not need the broader contractual powers referred to in section 53.45. Section 53.13 provides that an authority is a body politic and corporate having the power to perpetual succession, that it may sue and be sued, and that it may make, amend, and repeal its bylaws. In our opinion, a nonprofit corporation organized under the Texas Non-Profit Corporation Act, articles 1396-1.01 to 1396-11.01, V.T.C.S., has at least the power of perpetual succession, the power to sue and be sued, and the power to make, amend and repeal its bylaws consistent with chapter 53 of the Education Code, which powers are necessary to its performance of its duties under section 53.47(e).

### SUMMARY

A nonprofit corporation operating under section 53.47(e) of the Education Code is subject to the sections of chapter 53 referred to in that section as well as those sections relating to the issuance of bonds. Although it is not subject to the other provisions of chapter 53, other laws having similar effect may be applicable in some cases.

Very truly yours,

MARK WHITE
Attorney General of Texas

JOHN W. FAINTER, JR.
First Assistant Attorney General

RICHARD E. GRAY III
Executive Assistant Attorney General

Prepared by Susan Garrison
Assistant Attorney General

APPROVED:
OPINION COMMITTEE

Susan Garrison, Acting Chairman
Rick Gilpin
Eva Loutzenhiser
Bruce Youngblood