IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. 0070-02






JOSE FRANCO ARMENDARIZ, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE EIGHTH COURT OF APPEALS


ECTOR COUNTY






 Meyers, J., filed a dissenting opinion, in which Johnson, J., joined.


DISSENTING OPINION 


 I disagree with the majority's failure to address the issue of whether home rule
police officers have county-wide jurisdiction. At trial and on appeal, the State argued only
that probable cause existed because of the informant's tip and because of Deputy
Paquette's involvement in the arrest, but did not argue that the police officers in this case
were within their jurisdiction when they stopped appellant. Only on petition for
discretionary review by this Court does the State Prosecuting Attorney contend that the
Odessa city police officers, as municipal officers, had county-wide jurisdiction under our
decision in Angel v. State, 740 S.W.2d 727 (Tex. Crim. App. 1987). The majority
neglects this ground for review.

 In Angel, this Court considered whether municipal police officers acting outside
the city limits may arrest someone for a traffic violation without a warrant. Angel, 740
S.W.2d 727. We examined the question under Article 14.01 of the Code of Criminal
Procedure, and former Article 6701(d) of the Uniform Act Regulating Traffic on
Highways (1) (now Tex. Transp. Code § 543.001). (2) We noted that although the two statutes
together seemed to grant peace officers unlimited geographic jurisdiction for making
warrantless arrests for offenses committed in their presence or view, "the authority to act
may not necessarily define the geographic scope of that authority. That geographic scope,
if absent from the statute granting authority to act, must find its source in some other
statute...or be controlled by common law." Angel, 740 S.W.2d at 732, citing Preston v.
State, 700 S.W.2d 227, 229 (Tex. Crim. App. 1985). We then looked to Articles 998 and
999 of the Local Government Code, which at the time were the sections governing the
appointment of city police officers. Angel, 740 S.W.2d at 732-33. Those articles granted
city police officers the same authority and jurisdiction as city marshals, which is county-wide. Id., citing Tex. Rev. Civ. Stat. Ann. art. 998, 999. We therefore concluded that
city police officers have county-wide jurisdiction to arrest offenders. Angel, 740 S.W.2d
at 736.

 If our examination of applicable case law were to end there, the State would be
correct in asserting that the Odessa city police officers were within their jurisdiction when
they stopped appellant for the traffic offense. However, Articles 998 and 999 of the Local
Government Code were repealed in 1987, and recodified, in part, as section 341.001 of
the current Local Government Code. (3) That section is applicable only to Type A general-law municipalities. See Tex. Loc. Gov't Code, § 341.001. 

 In 1995, chapter 341 of the Local Government Code was amended, and the section
defining the powers of police officers from Type A municipalities was changed. The
section now grants those officers the same "powers, rights, duties, and jurisdiction granted
to or imposed on a peace officer by the Code of Criminal Procedure." Tex. Loc. Gov't
Code, § 341.001(e)(1). However, the geographic jurisdictional limits for peace officers
are not defined in the Code of Criminal Procedure, nor in any other statute. 

 When this Court held that city police officers have county-wide jurisdiction, that
holding was based on Local Government Code sections which are now applicable, if at all,
only to Type A municipalities. In fact, the language relied on in Angel has been eliminated
even from the code section applying to Type A municipal police officers. 

 Subsequent Court of Appeals decisions have limited the application of Angel's
holding to city police officers employed by certain types of municipalities. See Yeager,
23 S.W.3d 566, 570 n.3 (Tex. App. - Waco 2000) (Angel does not apply to officers
employed by a Class B municipality); Reichaert, 830 S.W.2d 348, 351 (Tex. App. - San
Antonio 1992, pet. ref'd) (Angel does not apply to officers employed by a Class C
municipality). No court has directly addressed the question of whether Angel applies to
officers employed by home rule municipalities. Because this was the State Prosecuting
Attorney's first ground for review, I disagree with the majority's failure to address this
issue and offer my own analysis. 

 In 2001, the United States District Court in Dallas was called upon to consider the
recently changed and somewhat confusing law in this area. United States v. Coleman, 162
F. Supp. 2d 582, 584-86 (N.D. Tex. 2001). The District Court concluded that the
geographic jurisdiction of city police officers after the 1995 amendments no longer
depends on the type of municipality employing them, but on the officer's classification
under Article 2.12 of the Code of Criminal Procedure. (4) Id. at 585. Municipal police
officers are not authorized under Articles 2.12 and 14.03(g) (5) to make arrests outside their
jurisdiction for traffic violations. Id. The Coleman court noted that there is no other
statute defining the geographic scope of city police officers. Looking to the common law,
as suggested by Angel, the court concluded that city officers' authority ends at the city
limits. (6) Coleman, 162 F. Supp. 2d at 585.

 Home rule municipalities differ from Type A, B, and C general-law municipalities
in that they "look to acts of the legislature not for grants of power, but only for limitations
on their powers." MJR's Fare of Dallas, Inc. 792 S.W.2d at 572. However, the
geographic scope of home-rule municipality police officers' jurisdictional authority
cannot be limitless. 

 In Arlington v. Lillard, 116 Tex. 446, 294 S.W. 829 (1927), the Texas Supreme
Court held that the City of Arlington, a home rule municipality, could not prohibit the use
of certain streets by buses and other vehicles for hire. Those streets, although within the
city limits of Arlington, were part of the state highway system. The court held that
Arlington did not have the power to interfere with the use of the state highway beyond the
city limits by prohibiting use of those streets, and that the effect of the ordinance
purporting to do so was extraterritorial. Id. at 451-52. The court quoted an early
constitutional commentator:

 The powers conferred upon municipalities must be construed with reference
to the object of their creation, namely, as agencies of the State in local
government. The State can create them for no other purpose, and it can
confer powers of government to no other end, without at once coming in
conflict with. . . maxims designed to confine all the agencies of government
to the exercise of their proper functions. And wherever the municipality
shall attempt to exercise powers not within the proper province of local
self-government, whether the right to do so be claimed under express
legislative grant or by implication from the charter, the act must be
considered as altogether ultra vires, and therefore void.


Id. at 451, quoting Thomas M. Cooley, A Treatise on the Constitutional Limitations
Which Rest Upon the Legislative Power of the States of the American Union 309 (7th ed.). 
This passage, although quoted in reference to the power of a home-rule municipality to
legislate, is equally applicable to the situation here. A municipality simply does not have
the power to extend the territorial jurisdiction of its employees beyond the geographic
limits of the municipality. 

 Although the statutory basis for the Angel holding has been significantly changed
(as discussed above), this Court's reasoning in the case is still sound. Because the
geographic scope of home rule police officers' jurisdiction is not defined by statute, it
must be controlled by common law. Angel, 740 S.W.2d at 732, citing Preston v. State,
700 S.W.2d 227, 229 (Tex. Crim. App. 1985). At common law, municipal police officers
had jurisdictional authority only within the city limits. Therefore, the Court of Appeals
was correct in holding that the Odessa city police officers did not have jurisdiction to
make a warrantless search or arrest outside the city limits of Odessa. Nothing in Article
14.03 of the Code of Criminal Procedure would give the officers authority to make such
an arrest outside their own municipality.

 Moreover, the Court of Appeals correctly held that the officers could not arrest
appellant for a traffic violation that occurred outside their jurisdiction and that they did not
witness, based on a "collective knowledge" theory of probable cause. Deputy Paquette had
jurisdictional authority and probable cause to believe that a traffic violation had been
committed. However, the fact that Deputy Paquette was peripherally involved in the
Odessa police's investigation of alleged drug possession was not enough to bestow
authority on the Odessa police to stop appellant for the traffic violation and search his
vehicle. The fact is that appellant was stopped, searched, and arrested by Odessa police
officers although no crime at all ever occurred within the city limits of Odessa.

 Because the majority fails to address the ground for review brought by the State
Prosecuting Attorney and instead resolves this case based on Deputy Paquette's limited
connection to the arrest, I respectfully dissent.


Filed: December 10, 2003

Publish

1. Article 6701(d) of the Uniform Act Regulating Traffic on Highways read as follows: 


 "Any peace officer is authorized to arrest without warrant any person found committing a
violation of any provision of [the Uniform Act]." 
2. Section 543.001 now reads:


 "Any peace officer may arrest without warrant a person found committing a violation of this
subtitle."
3. See Tex. Rev. Civ. Stat. Ann. art. 998, 999 (Vernon 1963), repealed by Act of May 21,
1987, 70th Leg., ch. 149, § 49(1), 1987 Tex. Gen. Laws 1308. 
4. Municipal police officers are classified as peace officers under Article 2.12(3). 
5. Article 14.03(g) states that only officers listed in Article 2.12(4), "rangers and officers
commissioned by the Public Safety Commission and the Director of the Department of Public Safety"
may make arrests for traffic violations when outside their own jurisdiction.
6. The Coleman court did note that this general rule is subject to a "hot pursuit" exception. 
Coleman, 162 F. Supp. 2d at 858, n.2. See also Yeager v. State, 104 S.W.3d 103 (Tex. Crim. App.
2003).